**B. F. AVERY & SONS CO. v. DAVIS.**

No. 13584.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1951.

256

Leonard Farkas, Albany, Ga., for appellant.

J. Madden Hatcher, Theo. J. McGee, Columbus, Ga., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from the affirmance by the District Judge on review of a judgment of the Referee in Bankruptcy which disallowed a proof of an unsecured claim for $1,428.95, "unless within thirty days from this judgment the claimant, B. F. Avery and Sons Company, shall pay to the trustee in bankruptcy the sum of $14,264.48, which is the value of farm machinery and equipment transferred to claimant by Alaga Tractor Co. the bankrupt on Feb. 10, 1950, and also surrenders to the trustee a neon sign of the value of $131.56 and a described promissory note of one Corr of the value of $240."

An outline of the facts not in dispute is as follows: On April 13, 1949, the Avery Company[1] of Kentucky made a lengthy "Dealers' Contract" with Alaga Tractor Company of Columbus, Georgia, as to the terms and conditions on which the former would fill orders of the latter for tractors and other farm machinery. The signature of the Alaga Company was attested by a notary on April 13; the approval of it by Avery Company was signed on April 26, 1949, without attestation; and the paper was recorded in the deed records at Columbus, Georgia, on June 17, 1949. Under it a large amount of machinery was shipped by Avery Company. In February of 1950 Alaga Company, having fallen behind in its settlements under the contract, by which Avery Company claims it retained title to the machinery till settled for, and also had the right on default to retake machinery on hand, announced a purpose to do this and, on February 10, 1950, took from the possession of Alaga Company $14,264.48 worth of machinery on hand, and a neon sign not furnished by Avery Company, and a note for $240 given Alaga Company by a customer, Corr, for an Avery machine sold to him. On February 18, 1950 Alaga Company was adjudicated a voluntary bankrupt. On May 18, 1950 Avery Company filed a proof of an unsecured claim for $1,428.95, being for Avery machines sold by Alaga Company, and not retaken by Avery Company on February 10, or otherwise settled for under the dealers' contract. On May 31, 1950, J. Alvan Davis, who had been appointed trustee in bankruptcy, filed objec-

1. We will for brevity, so call the appellant, and the bankrupt the Alaga Company.

tions to the claim on the grounds that the "dealers' contract" was void as to him, not describing any property conditionally sold or mortgaged and for other reasons, and that the transfer of property of the bankrupt, including the neon sign and note above referred to, within four months before bankruptcy while Alaga Company was insolvent, and while Avery Company had reasonable cause so to believe, solely in consideration of an antecedent debt and resulting in this creditor getting a greater percentage of its debt than other creditors of the same class, was a voidable preference under Section 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b, and until the transferred property was surrendered the claim filed by Avery Company should be disallowed. The objection went further and prayed that an account of all financial transactions of claimant be required, with surrender to the trustee of the machinery, the neon sign, the note, and all payments made within four months of the bankruptcy, and that a judgment be given for payments in cash and for the value of property converted. The trustee however did not rest on this, for on May 24, a week before, he had filed a plenary suit in the District Court of the Middle District of Georgia in which the bankruptcy was pending, based on Sections 60, sub. b, 67 and 70 of the Bankruptcy Act, 11 U.S.C.A. §§ 96, sub. b, 107, 110, alleging that the Avery Company was of Louisville, Kentucky, but doing business in said District through Brown Cullen in that District and so present there. The allegations and prayers were similar to those above stated. On June 8 Avery Company answered the plenary suit, first moving to quash the service because Avery Company, a corporation of Delaware, had no agent in the District and Brown Cullen was not such and was only temporarily there. Subject to this motion it set up that its dealers' contract was either for conditional sales, or a consignment contract, and gave it at least an equitable lien on the property shipped by it. It denied that it took back the machinery on a debt, but asserted that in taking it acted in pursuance of legal rights contained in the dealers' contract. The Avery Company, on June 19, also answered the trustee's objections to its claim before the referee, setting up the pendency of the trustee's plenary suit, and objecting that the property in dispute was in its possession at the time of the filing of the bankruptcy petition under a *bona fide* adverse claim of rights, and that the referee had no jurisdiction to determine those rights, but could only disallow its debt claim till the preference alleged, if upheld, is restored. Subject to the objection to jurisdiction, the trustee's allegations of fact were denied, except that it was admitted that claimant had, on February 10, taken possession of certain property worth $10,000. A hearing was had before the referee, who on September 29, 1950 made a clear statement of the issues and elaborate "findings of fact" and "conclusions of law" in which the dealers' contract was fully examined and its effect declared, being held of no effect against the trustee; the issues of fact were determined against Avery Company and that the taking of the machinery on February 10 was a transfer by the bankrupt while insolvent in payment of a debt, as was the neon sign and the Corr note, and that they were all voidable preferences. He did find however that "at the time of filing the petition in bankruptcy neither the bankrupts nor the trustee in bankruptcy were in possession of the property transferred". He undertook further to find that Brown Cullen and two others were at the time of the transfer, and since, representing Avery Company in the Middle District of Georgia, transacting its business in ways stated, and Avery Company was through them present and transacting business there. The referee's judgment was: "The unsecured claim of B. F. Avery and Sons Company filed May 18, 1950 is hereby disallowed unless within 30 days from the date of this judgment B. F. Avery and Sons Company shall pay to J. Alvan Davis, the trustee in bankruptcy, the sum of $14,264.48 which is the value of the farm machinery transferred to them by Alaga Tractor Company on February 10, 1950 and also surrenders and delivers to the trustee the neon sign of the value of $131.56 and the promissory note of Cecil Corr of the value of $240.00." One conclusion of law was that

the referee had jurisdiction, in determining the objection to the claim, to decide whether or not the transfers to Avery Company were voidable preferences. On an elaborate petition for review of this judgment in which the referee's jurisdiction was always resisted and in no wise consented to, the judge held: " * * * It is further considered, ordered and adjudged that the findings of fact, conclusions of law, judgment and decree of the Honorable Edward P. Johnston, dated September 29, 1950, sustaining the objections of said trustee to the allowance of proof of claim of B. F. Avery and Sons Company filed May 18, 1950, be approved, confirmed, affirmed and sustained and is hereby made the judgment of this Court * * *."

Many questions have been argued on this appeal touching the meaning and validity of the "dealers' contract" and whether after taking back the machines on hand February 10, 1950 there was left any debt for them, or whether there was only a justified rescission of the several transactions under which they were severally shipped. It is found by the referee that Avery Company was in possession of them eight days before bankruptcy, claiming ownership, and there is no finding that the claim was not in good faith, or was merely colorable. The question of the jurisdiction of the referee summarily, by way of determining the trustee's objection to Avery Company's proof of an unrelated debt, to adjudge that the transfer was void we must meet at the outset.

■ It is of course the trustee's duty to oppose the allowance of improper claims against the estate, and the referee's duty to pass on the objections, and this is usually done summarily, as a part of the proceedings in bankruptcy. A valid objection to allowance is that the claimant has received or acquired preferences or transfers void or voidable under the Act, until he shall surrender the same. Bankruptcy Act, § 57, sub. g, 11 U.S.C.A. § 93, sub. g. The trustee raises this objection here and prays the referee not only to disallow the claim, but to declare the transfer void and require the surrender or pay the value of the property fully alleged to have been preferentially transferred. The claimant, protesting the referee's summary jurisdiction and insisting on a plenary suit, denies the preferential character of the transfer and insists the referee has the right only to disallow the claim until a preference is determined in a plenary suit and surrender of it it refused. The trustee points to Section 57, sub. f requiring that the referee hear and determine objections to claims as soon as the convenience of the court and the best interests of the estate and the claimants will permit, and contends that this requires the referee to decide promptly whether there has been a preference. Avery Company argues that the referee did not stop with disallowing this claim until the matter of preference *vel non* was properly settled, but himself explicitly decided the issues of fact and law making the transfer a preference, and the judge has explicitly confirmed both, so that an estoppel by judgment will exist in any future trial in a plenary suit; and that the referee has adjudged by indirection a case not within his jurisdiction.

■ The Bankruptcy Act, § 23, sub. b, 11 U.S.C.A. § 46, sub. b, provides that the trustee shall bring suit only in a court where it could have been instituted by the bankrupt if there were no bankruptcy, except suits to recover property under Section 60, sub. b as to preferences, Sections 67, sub. e and 70, sub. e as to transfers in fraud of creditors, 11 U.S.C.A. §§ 96, sub. b, 107, sub. e and 110, sub. e, unless the defendant consents. The plenary suit filed by the trustee in the district court here is under the excepted sections, and especially under 60, sub. b to avoid and recover a preference. That section says, " * * * For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction." We take it that the words "where plenary proceedings are necessary" do not mean that plenary proceedings are necessary in all such cases; but "where" means "if", and implies there may be cases in which summary proceedings in bankruptcy are proper.

We are then remitted to the old tests as to when property may be recovered by summary proceedings before the referee and when a plenary suit in the bankruptcy court or elsewhere must be had, absent consent.

■ This question has most often arisen in the so called "turn over orders", but its answer in general depends on whether the property sought to be recovered was actually held in possession by or for the bankrupt at bankruptcy, or was held by an adverse claimant under a claim not merely colorable. Where a controversy arises as to whether there is such an adverse claim, the rule is that the referee can summarily enquire into it, and if it clearly appears that possession was in or for the bankrupt, and the adverse claim or right is only colorable, he may make a judgment accordingly; but if there be a possession before bankruptcy that was really adverse and asserted in good faith, the referee may not adjudge its merits, but the trustee must seek relief by a plenary suit. This rule was recently reviewed, and what would amount to a consent to summary proceedings was examined, in Cline v. Kaplan, 323 U.S. 97, 65 S. Ct. 155, 89 L.Ed. 97. The old case of Louisville Trust Company v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413, was approvingly cited. In this court the rule was stated in Chandler v. Perry, 5 Cir., 74 F.2d 371, 372. See also 6 Am.Jur., Bankruptcy, Secs. 47, 49, 72, 1126, 1145, 1161, 1162.

■ We think the trustee, believing that a preference existed properly objected to the proof of Avery Company's claim of a debt due for other property. The referee properly, over Avery Company's objection, enquired preliminarily whether there was a preference, but finding that Avery Company was in adverse possession prior to bankruptcy under a claim of right not merely colorable or put forward in bad faith, he should not summarily have adjudged its merits, but should have left the claim pending before him, and directed the trustee to prosecute his plenary suit to establish and recover the preference. The neon sign was bought and paid for by the bankrupt, and its transfer to Avery Company appears to have been a preference and not covered by the "dealers' contract", but its value is relatively small. We express no opinion about the "dealers' contract", as we think the referee should not have passed on it, further than to say that the contentions under it seem to us to be sufficient to show a *bona fide* adverse claim, and to deserve deliberate examination in a plenary suit. We reverse the judgment as entered and direct the entry of one affirming the referee in refusing presently to allow the claim of Avery Company until all the preferences asserted against the claimant are properly adjudicated, and such as are found to exist are surrendered. The adjudication of the facts and law respecting the "dealers' contract" and the retaking of the machinery is set aside. Costs of appeal are awarded to the appellant.

Judgment reversed.