Robert R. Frank, Miami Beach, Fla., Louis Phillips, Miami, Fla., Frank & Weston, Miami Beach, Fla., for appellant.

Louis M. Jepeway, Miami, Fla., Shepard Broad, Miami Beach, Fla., Joesph Gassen, Jepeway & Gassen, and Broad & Cassel, Miami Beach, Fla., for respondent.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

**May SPACH, Trustee, Appellant,**

v.

**Herbert M. FISHER, Bankrupt and Drake Operating Co., Inc., Appellees.**

**No. 19510.**

United States Court of Appeals
Fifth Circuit.

Nov. 28, 1962.

Rehearing Denied Jan. 17, 1963.

GRIFFIN B. BELL, Circuit Judge.

Appellant, trustee in bankruptcy, petitioned the bankruptcy court for an order requiring the turnover of a security deposit of $133,000 under a lease agreement. The lease was assigned to the bankrupt and Michael J. Leibowitz by the original lessee. The appellee-respondent was the assignee of the original lessor.

The petition alleged that within four months prior to the filing of the voluntary petition in bankruptcy the bankrupt transferred the lease and security fund to appellee and others without fair consideration, thereby rendering the bankrupt insolvent, and that appellee had the proceeds of the security fund in its possession and had assets exceeding the amount of the security fund. Appellee by answer denied that it had the security fund, recited the fact of the lease, the assignment of it to the bankrupt and Leibowitz and the assumption of the obligations and requirements under it by them, their default in the payment of rent, a state court proceeding to terminate and evict them as tenants, an exten-

sion of time within which to pay the delinquent rent, failure to pay under the extension, and the release of the lessees of all obligations under the lease and the return of the leased property to the owner, all before the filing of the bankruptcy petition. Appellee alleged that past due rent at the time of the release totaled $21,000 and that the tenants were also indebted to appellee in the amount of $25,000 under a promissory note, and that substantial losses were suffered since the return of the property, all of which losses substantially exceeded the amount of the security fund.

Appellee denied that the trustee was entitled to recover the security fund or any part thereof, and denied that the court had jurisdiction in the summary proceeding.

The lease provided for the security fund, and further provided that if it was cancelled for default in the payment of rent no part of the security fund would be returned to the lessee nor would the lessor be bound to account for any part of the fund, "the parties having taken into consideration the difficulty and impracticability of precisely ascertaining the amount of damages to which lessor would be put if at some unknown time in the future the lessee should default in payment of the rental, and the parties stipulate, specify and agree that such security constitutes liquidated and agreed upon damages and is not, as a matter of [f]act, a penalty or a forfeiture".

The lessor was not to keep the security fund separate or in a segregated account, no interest was to be paid on the fund, and lessee was granted a lien on the interest of lessor in the demised premises. It was agreed that the fund might be used for the construction of an addition to the Hotel South Seas situated on the land under lease. The lease was for the term commencing on December 20, 1954 and terminating on September 30, 1962 and the total rental to be paid was $1,063,296.

The matter came on for hearing and the referee determined that the bank-ruptcy court had jurisdiction of the matter and the parties. His findings were to the effect that the lease provided a lien on the property to insure the return of the security fund, that the petition for bankruptcy was filed on July 3, 1959 and that on June 23, 1959 the bankrupt, without fair consideration, released and transferred the lease together with the security fund to a trustee acting without disclosure for appellee, the lease having previously been assigned to that trustee to secure a loan to the bankrupt and Leibowitz in the amount of $25,000. He went on to find that $100,000 of the security fund had been used to alter and improve the demised premises, that appellee elected to terminate the lease and operate the hotel for its own account, thereby terminating the relationship of landlord and tenant but not disposing of the question of the return of the security fund. The referee held that the proof as to damages suffered by appellee was mere conjecture and speculation and insufficient under the Florida law to establish damages. He ordered that appellee turn over the entire security fund to the trustee within ten days, and failing so to do, the trustee would have a lien on the property for the amount of the fund.

The appellee petitioned for review both on the question of jurisdiction and on the merits. The referee certified as follows:

"The evidence submitted in behalf of the Trustee, to-wit: The Lease Agreement, clearly reflects that the Respondent received the sum of One Hundred Thirty Three Thousand ($133,000.00) Dollars as security deposit, and said deposit was an asset of the Bankrupt Estate. The Respondent, Drake Operating Co., Inc., alleged that said security deposit was liquidated damages, however, the Respondent made its election by terminating the Lease Agreement, and could not attempt to hold the Bankrupt liable for continuing responsibility under the Lease subsequent to its termination."

The district court reversed on the basis that the bankruptcy court had no juris-

diction of appellee and set aside the turnover order. This appeal followed.

Appellant contends that this was a proper case for the exercise of summary jurisdiction by the bankruptcy court to the end of resolving the issue presented. This question is determinative on appeal and we do not reach the merits of the controversy. Under our view appellee was entitled to a plenary hearing on the merits.

The law on the question is well settled in this circuit. In B. F. Avery & Sons Co. v. Davis, 5 Cir., 1951, 192 F.2d 255, cert. den., 342 U.S. 945, 72 S.Ct. 559, 96 L.Ed. 703, a manufacturer took possession of farm machinery in the hands of a dealer eight days before the dealer was adjudicated a voluntary bankrupt. The dealer had fallen behind in settlements under a contract by which the manufacturer claimed it retained title to the machinery. The trustee in bankruptcy sought the return of the machinery or its value, and the Referee ruled for the trustee. The manufacturer protested the referee's summary jurisdiction insisting on a plenary suit. The court with reference to when property may be recovered in summary proceedings said:

"This question has most often arisen in the so called 'turn over orders', but its answer in general depends on whether the property sought to be recovered was actually held in possession by or for the bankrupt at bankruptcy, or was held by an adverse claimant under a claim not merely colorable. Where a controversy arises as to whether there is such an adverse claim, the rule is that the referee can summarily enquire into it, and if it clearly appears that possession was in or for the bankrupt, and the adverse claim or right is only colorable, he may make a judgment accordingly; but if there be a possession before bankruptcy that was really adverse and asserted in good faith the referee may not adjudge its merits, but the trustee must seek relief by a plenary suit."

The court in that case went on to hold that the referee properly inquired preliminarily whether there was a preference, but upon finding that the manufacturer was in adverse possession prior to bankruptcy under a claim of right not merely colorable or put forth in bad faith, he should not summarily have adjudged the merits but should have left the claim pending before him, and directed the trustee to prosecute his plenary suit to establish and recover the preference. And on the duty of the referee to determine as a threshold question that the property claimed is in the actual or constructive possession of the bankruptcy court before exercising its summary jurisdiction, see also Maule Industries, Inc. v. Gerstel, 5 Cir., 1956, 232 F.2d 294; and Nicholas v. Cohn, 5 Cir., 1958, 255 F.2d 301.

We reiterated in Nicholas v. Peter Pan Snack Shop, 5 Cir., 1958, 256 F.2d 349, that upon summary inquiry, if it appears that possession before bankruptcy is adverse and asserted in good faith, the referee may not adjudge the merits of the claim but the trustee must seek relief by plenary suit. The exception there but not here involved is where summary jurisdiction is based upon the consent of the adverse claimant. Chapter 2, Bankruptcy Act, § 11, sub. a(7), 11 U.S.C.A. § 11, sub. a(7).

In Spach v. Johnina, Inc., 5 Cir., 1961, 291 F.2d 619, cert. denied, 368 U.S. 985, 82 S.Ct. 599, 7 L.Ed.2d 523, the trustee sought the turn over of a lease security fund. The lessor-claimant moved to quash without alleging any supporting facts. The motion was overruled and the lessor answered on the merits asserting past due rents. No proof was offered to establish the facts set out in the answer. The referee directed that the fund be turned over. The district court reversed on the ground that the referee did not possess summary jurisdiction in that the lessor had a substantial claim against the security fund. We reversed on the ground that no facts were alleged in the motion to quash to show a substantial claim. We stated that the facts alleged

in the answer, if asserted in the motion, would have demontrated that the referee did not have summary jurisdiction. There was no appeal from the ruling on the merits. See generally 2 Collier on Bankruptcy, (14th Ed.) §§ 23.03 et seq.

Here, appellee duly asserted and preserved the point that the bankruptcy court was without jurisdiction. Sufficient facts were alleged to show an adverse claim asserted in good faith. Appellee then went further and proved facts showing the claim. The security fund had been released to appellee before the petition in bankruptcy was filed. It was being claimed as liquidated damages under the lease. The release came after default in rental payments, and upon request of the bankrupt and Leibowitz to be relieved of the burden of the lease. There was a substantial sum past due for rentals. There was a substantial loan secured by the lease. There was evidence of damage to appellee.

Furthermore, under the authority of Hyman v. Cohen, Fla., 1954, 73 So.2d 393, a case involving a hotel lease with a similar security fund provision and a similar liquidated damages provision, there is the possibility of the security fund being awarded to appellee as liquidated damages. A court on a plenary hearing must determine this question in the light of that case and the contrary authorities exemplified by Stenor, Inc. v. Lester, Fla., 1951, 58 So.2d 673, that it is, instead, a penalty provision. That question is not before us but the facts are such as to lend credence to the contention of a good faith claim by appellee.

Under the circumstances, appellee was entitled to have the merits of the claim adjudicated in a plenary suit with the rights and remedies incident thereto. Cline v. Kaplan, 1944, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97. The district court properly set aside the order of the banruptcy court, and the judgment of the district court should be and is

Affirmed.