329 F.2d 678
 UNITED STATES of America, Appellant,
v.
Eugene W. OWENS, Trustee in Bankruptcy for Bruce Construction Corporation and Miami Station, Inc., et al., Appellees.
CONTINENTAL CASUALTY COMPANY, Appellant,
v.
UNITED STATES of America et al., Appellees.
 No. 20771.
 United States Court of Appeals Fifth Circuit.
 March 16, 1964.
 
 John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, Karl Schmeidler, Joseph Kovner, Attys., Tax Div., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Morton Hollander, Alan S. Rosenthal, Kathryn H. Baldwin, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for United States.
 Richard R. Booth, Miami, Fla., for Trustee of Estate of Bankrupt.
 George S. Flint, New York City, for Fulton, Walter & Duncombe.
 Eugene W. Owens, Miami Beach, Fla., for Bruce Const. Co.
 Charles F. Mills, Wesley G. Carey, Carey, Terry, Dwyer, Austin, Cole & Stephens, Miami, Fla., for Continental Cas. Co.
 Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.
 TUTTLE, Chief Judge.
 
 
 1
 Both the United States and Continental Casualty Company appeal from an order of the trial court entered as a part of reorganization proceedings undertaking to make final distribution of a sum of $61,382.99 held by the United States, all of which is claimed by the United States to be due it for taxes.
 
 
 2
 The principal questions raised before the trial court, and renewed here, deal with the power of the district court to enter a summary judgment under a Chapter X reorganizing proceeding amounting to a turnover order directing the United States to make final disposition of the sum in question. This issue has two facets. The United States first contends that the order is improper because it amounts to a suit against the United States on contract which, owing to the amount involved, could be brought only in the Court of Claims and, second, it is not such a property as is within the control of the district court under the bankruptcy statutes as would permit the court to make a summary order of turnover even though the United States were subject to the district court's jurisdiction. We conclude that on the second ground the United States must prevail and it is thus not necessary for us to consider the initial point, that is, that this action amounts to a suit against the United States which, under the Tucker Act, would have to be brought in the Court of Claims.
 
 
 3
 The amount involved represents a sum which the United States, but for its claim for taxes, concedes was due to certain contractors. $58,230.30 of the amount was found by the proper Government Officials to be due on a contract between the United States and Bruce Construction Corporation, Miami Station, Inc., Jack S. Mintzer and Isadore L. Mintzer for the construction of certain government facilities at the Homestead Air Force Base in Florida. The sum of $3,052.69 was likewise found to be due on a contract between the United States and Bruce Construction Corporation for the construction of additional facilities at the same location. Continental Casualty Company was surety on the usual Miller Act bonds. It was required to pay certain subcontractors under both contracts a total amount which exceeded the sum held by the government. Both during and after the filing in January, 1961, of Petitions for Corporate Reorganization under Chapter X of the Bankruptcy Act, filed by Bruce Construction Corporation and Miami Station, Inc., the law firm of Fulton, Walter & Duncombe performed services in obtaining the allowance by the proper federal officials of the additional amounts totaling $61,382.99 heretofore referred to.
 
 
 4
 In July, 1962, the Trustee of Bruce and Miami Station, in reorganization, filed a petition in the District Court for the Southern District of Florida for a determination of the rights to the funds held by the United States on the two contracts, asserting that the funds were claimed by the following persons: (1) the Trustee claimed a portion of the fund for distribution to the general creditors as well as an allowance for administrative expenses; (2) the law firm of Fulton, Walter & Duncombe claimed $6,611.43 of the fund as fees for legal services which directly contributed to the creation of the fund; (3) the United States claimed a setoff against the fund because of $158,585.65 of tax liens against the corporate debtors and (4) the surety claimed the fund based upon its equitable lien.
 
 
 5
 The district court issued its order in which it held that it had jurisdiction to determine all of the claims to the funds held by the government. It held that the United States was entitled to set off its claim for taxes against that share of the fund due to Bruce and Miami Station on the larger contract and against the smaller contract in total. The court held that as to the larger item, Bruce and Miami Station were entitled to only one-half of the $58,000 amount owing on it and that, in effect, the two individuals were entitled to the other one-half, holding that the government's claim for offset could be asserted only against the two corporations but not against the remaining half of the amount due to the two individuals.[1]
 
 
 6
 In its appeal here, Continental Casualty Company takes the position that the United States is entitled to no setoff because it has asserted no tax claim against the four parties to the contract as an entity. This entity, Continental contends, is a joint adventure. Relying on the case of United States v. Munsey Trust Co. of Washington, 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, this appellant contends that a setoff of this nature can be recognized only if there is mutuality of obligation, that is, the government can set off only against the tax entity with which it has contracted and which is entitled to the balance of the fund owing on the construction contract.
 
 
 7
 The trial court, however, here supported by the trustee-appellee, took the view that there was no separate entity such as a joint adventure but that there were four contracting parties, two of which, the corporations, were in the reorganization court; that the court could find, as it did, that one-half of the amount claimed against the United States belonged to the corporations and the other half to individuals constituting the four parties to the contract; that, therefore, United States could set off its claim against the one-half to which the corporations were entitled but that the United States could be ordered by it to pay the remaining one-half to the Trustee and/or Continental as representing the half of the claim that belonged to the individuals. Thus it is, that without any opportunity to pass on the mutual claims between the United States and the two individuals which were not before the court either in the person of the Trustee in Bankruptcy for one or the executor of the estate for the other, the mutual claims of the United States as against them were adjudicated and ordered paid over in the administration of the reorganization proceedings of the two corporations.
 
 
 8
 All that need be shown by the United States to contest this sort of proceeding, we conclude, is that it was before the court asserting a bona fide and more than colorable claim to the $61,382.99. This Court has repeatedly said, as have all the other Courts to whom this subject has been addressed, that if property or funds are held in possession by third parties they are not subject to a summary turnover order by the Bankruptcy Court unless it "clearly appears that possession was in or for the bankrupt, and the adverse claim or right is only colorable." B. F. Avery & Sons Co. v. Davis, 5 Cir., 192 F.2d 255. See also Spach, Trustee v. Fisher, 5 Cir., 310 F.2d 328, 330.
 
 
 9
 The government contends that, as the statute requires, before making final disbursement to a contractor on a contract such as was here the subject of the original obligation, the accounting office ascertained whether there was any offset by reason of taxes or other claims on behalf of the government. Here, the government claims that there is an amount due it for taxes by two of the members of the contracting group that greatly exceeds the balance owed on the contract. What amount, if any, may be owed by the individual members of the contracting group was not before the trial court for its consideration. The government claims the right of offset of the entire amount owed it against the smaller sum which it owes the contracting parties on the contract here involved. This is an involved legal question, one which bespeaks the attention of a court in a plenary suit after pleadings and evidence makes possible a proper development of the case.
 
 
 10
 In line with the undeviating policy as announced by this Court that where funds are not in the possession of the Bankruptcy Court and where the one having possession makes more than a colorable claim to such funds a summary turnover order may not bring them within the Court's jurisdiction for distribution, we conclude the judgment of the trial court must be reversed and the order set aside.
 
 
 
 Notes:
 
 
 [1]
 The record discloses that Jack S. Mintzer had subsequently filed bankruptcy proceedings and that Isadore L. Mintzer was deceased. The court held that the claim of the surety was superior to the claims of the individuals, that is to say of the Trustee in Bankruptcy of the estate of Jack Mintzer and of the executors of the estate of Isadore Mintzer, deceased. The court held that both with respect to the amounts it awarded to the United States and with respect to the amounts awarded to the other parties, the attorneys fees of $6,611.43 and administrative expenses of $4,482.97 should be paid to the trustees