**BENEFICIAL FINANCE CO. OF NORTH JERSEY, Appellant,**

v.

**Irwin RAY, as Trustee under Reorganization Proceedings of Atlas Sewing Centers, Inc., Appellee.**

No. 20302.

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1964.

Rehearing Denied March 17, 1964.

W. G. Ward, Miami, Fla., for appellant Beneficial Finance Co. of North Jersey; Ward & Ward, Miami, Fla., of counsel.

Samuel J. Kanner, J. Edward Worton, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and PHILLIPS * and JONES, Circuit Judges.

PER CURIAM.

It appearing that the written documents under which the conditional sales contracts here were transferred to appellant constituted appellant an agent only for collection of the contracts, we conclude that the trial court did not err in entering a summary turnover order. A reading of the contracts under which Beneficial obtained possession of the property makes it plain that it had no adverse claim of title to the contracts that was more than colorable. As we stated in B. F. Avery & Sons Co. v. Davis, 5 Cir., 192 F.2d 255, quoted with approval in Spach, Trustee v. Fisher, 5 Cir., 310 F.2d 328, 330:

> "Where a controversy arises as to whether there is such an adverse claim, the rule is that the referee can summarily enquire into it, and if it clearly appears that possession was in or for the bankrupt, and the adverse claim or right is only colorable, he may make a judgment accordingly; but if there be a possession before bankruptcy that was really adverse and asserted in good faith, the referee may not adjudge its merits, but the trustee must seek relief by a plenary suit."

The order of the trial court is affirmed.

* Of the Tenth Circuit, sitting by designation.