406 F.2d 407
 SOUTH SIDE ATLANTA BANK (Presently Atlanta Bank and Trust
Company), Appellant,
v.
J. T. THOMASSON, Jr., Trustee in Bankruptcy of LaGrange
Nursing Center, Inc., Bankrupt, Appellee.
 No. 26193.
 United States Court of Appeals Fifth Circuit.
 Jan. 15, 1969.
 
 William H. Duckworth, Wm. G. Grant, Atlanta, Ga., for appellant.
 Thurman E. Duncan, Trotter & Duncan, LaGrange, Ga., for appellee.
 Before BELL and COLEMAN, Circuit Judges and HOOPER, District Judge.
 PER CURIAM:
 
 
 1
 The question involved in this case is whether or not the Order of the Referee in Bankruptcy, affirmed by the District Judge on a Petition for Review, is erroneous. The Order is a summary turnover order, directing appellant to pay over to appellee the sum of Twenty-Five Thousand ($25,000.00) Dollars, held by appellant in escrow for the benefit of the bankrupt, LaGrange Nursing Center, Inc., and an insurance company from whom it had procured a loan. The insurance company disclaimed any interest in the escrowed sum, and, without more, the fund held by the bank as escrow agent would be subject to the summary jurisdiction of the bankruptcy court.
 
 
 2
 There is more, however, in that a third party, Wall Construction, Inc. of Georgia, is claiming the escrowed sum from appellant bank. Wall's claim is not clear in that it first stated that the sum was due it under a thirty day promisory note from the bankrupt. Next, Wall's lawyer claimed that the escrowed sum was being held by the bank in trust for Wall. Finally Wall sued the bank in the state courts and therein treated the transaction as a debt. That suit is pending. The bank pointed these facts out to the bankruptcy court and sought protection against the conflicting claims.
 
 
 3
 The summary jurisdiction of the bankruptcy court, in the circumstances here, depended on whether Wall was an adverse claimant under a claim not merely colorable. Spach v. Fisher, 5 Cir., 1962, 310 F.2d 328. The court concluded that it was not. The difficulty with the holding is that Wall was not made a party in the bankruptcy court and this was error. The bankruptcy court was empowered to bring Wall in as a party. 11 U.S.C.A. 11(a)(6); see also Bryan v. Bernheimer, 1901, 181 U.S. 188, 21 S.Ct. 557, 45 L.Ed. 814. This would have enabled the court to first determine the nature and validity of Wall's claim, and second, to enter a final and binding judgment against all of the parties.
 
 
 4
 The judgment of the District Court is vacated and the cause is remanded with direction that Wall be made a party to the proceedings in the bankruptcy court. A rule nisi should be issued requiring Wall to show cause at a time certain why the prayer of the trustee for the turn-over order should not be granted.
 
 
 5
 Reversed and remanded with direction.