### In re RICHEY BUICK PONTIAC, INC., Bankrupt.

Charles W. GRANT, Trustee, Plaintiff,

v.

Roy T. BOYD, Sr., Defendant.

Bankruptcy No. 77–151–BK–J.
Adv. File No. 4.

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

Dec. 4, 1979.

---

Bernard C. O'Neill, Jr., Orlando, Fla., for plaintiff.

J. Gordon Arkin, Orlando, Fla., for defendant.

Charles W. Grant, Jacksonville, Fla., trustee.

## ORDER ON SUMMARY JURISDICTION DENYING MOTION TO DISMISS

GEORGE L. PROCTOR, Bankruptcy Judge.

This case began as an involuntary bankruptcy. On January 3, 1978, this Court entered an order adjudicating Richey Buick Pontiac, Inc., a bankrupt, finding, among other things, that a preference had been made by a transfer of real property to Roy T. Boyd, Sr., the defendant in this adversary action.

The trustee has now filed a complaint to recover the preference. Boyd responded with a motion to dismiss for lack of jurisdiction. Plaintiff contends that, by filing proofs of claim in the bankruptcy proceeding, defendant has consented to the summary jurisdiction of the bankruptcy court. It is on this motion that the Court now rules.

Trustee points to *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), in which the Supreme Court held that, in adjudicating objections to a claim, a bankruptcy court has summary jurisdiction to order surrender of a preference.

Defendant relies on the doctrine of *B. F. Avery & Sons Co. v. Davis*, 192 F.2d 255 (5th Cir. 1951), and *Gill v. Phillips*, 337 F.2d 258 (5th Cir. 1964). In these cases the Fifth Circuit refused to find implied consent to summary jurisdiction of the bankruptcy court in the defendant's filing of a proof of claim based on a transaction unrelated to the subject matter of the alleged preference. Boyd argues for the continued vitality of this doctrine, citing to post-*Katchen* cases holding that unrelated counterclaims were still outside the summary jurisdiction conferred by the Bankruptcy Act.

There were four proofs of claim filed by the defendant: claim number 58 was for storage of the bankrupt's assets; claim number 59 was for payment of a promissory note based on a lease agreement of the dealership real property; claim number 60 was for back rent; and claim number 61 was for a promissory note to the Barnett Bank of Ocala. While claim number 59 concerned the same property as the alleged preferential transfer, none of these claims concerned the "same transaction" within the context of the above-cited cases. The real legal issue is whether the instant transfer falls within the rule of *Katchen v. Landy*.

In *Katchen,* the petitioner filed a proof of claim for payments made by him on a note issued by the corporate bankrupt, on which petitioner was an accommodation maker. Petitioner had also made other payments on this note with funds of the bankrupt. The trustee filed a petition responding that these other payments were voidable preferences, and demanded judgment against the petitioner in the amount of these payments. The petitioner objected to the summary jurisdiction of the bankruptcy court. Nonetheless, the referee ordered him to surrender the preferential payments and also entered judgment against him in the amount of an unpaid stock subscription owed the corporation. The Tenth Circuit affirmed the judgment for the amount of the voidable preferences but reversed the judgment on the stock subscription. The trustee did not seek Supreme Court review of the adverse decision on the stock subscription.

Certiorari was granted because of a conflict among the circuits. Reviewing the cases, the Court concluded:

> The Fifth Circuit rule is thus uncertain, but *Avery* at least prevents summary recovery of unrelated preferences. Several Courts of Appeals have upheld the summary jurisdiction of the referee over counterclaims arising out of the same transaction as the creditor's claim but have stated that such jurisdiction does not extend to permissive counterclaims arising out of distinct transactions.

382 U.S. at 326 n.1, 86 S.Ct. at 471 n.1. The lower court's ruling was affirmed, but because both the claim and the counterclaim in *Katchen* did involve the same transaction the Court left room for subsequent interpretation on the application of the rule to unrelated transactions.

There is no room for doubt, however, in the instant case. The Court directly addressed the subject:

> The decision presently under review upholds summary jurisdiction to order return of a preference *whether or not the preference relates to the same transaction as the claim* but declines to extend such jurisdiction to unrelated counter-

claims not involving a preference, set-off, voidable lien, or a fraudulent transfer. (emphasis added)

382 U.S. at 326 n.1, 86 S.Ct. at 471 n.1. Although it was a transaction unrelated to the subject matter of the claims, the transfer to Boyd was a preference and thus is within the summary jurisdiction of this Court.

■ A preferential transferee who does not file a claim in the bankruptcy proceeding is generally not subject to the summary jurisdiction of the bankruptcy court. The trustee in that instance must recover the preference by a plenary action. *Id.* at 327, 86 S.Ct. 467. But by presenting his claim the preferential transferee subjects himself "to all the consequences that attach to an appearance." *Id.* at 335, 86 S.Ct. at 476. Those consequences include being subject to an order to reimburse the estate.

The Court in *Katchen* noted that "a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual settlement of the estate of all bankrupts within a limited period,'" *Id.* at 328, 86 S.Ct. at 472, and that this purpose is served by adjudication of claims in summary proceedings "and not by the slower and more expensive processes of a plenary suit." *Id.* at 329, 86 S.Ct. at 472. "(O)nce a bankruptcy court has dealt with the preference issue," as it has done here, "nothing remains for adjudication in a plenary suit." *Id.* at 334, 86 S.Ct. at 475. "To require the trustee to commence a plenary action in such circumstances would be a meaningless gesture . . . ." *Id.* Finally, "once it is established that the issue of preference may be summarily adjudicated absent an affirmative demand for surrender of the preference, it can hardly be doubted that there is also summary jurisdiction to order the return of the preference." *Id.* at 333–34, 86 S.Ct. at 475.

Boyd points to several cases construing *Katchen* that uphold the same/unrelated transaction dichotomy, *viz., In Re Airmotive Suppliers, Inc.,* 519 F.2d 1102 (5th Cir. 1975); *In Re Los Angeles Trust Deed & Mortgage Exchange,* 464 F.2d 1136 (9th Cir. 1972); *In Re Warren,* 387 F.Supp. 1395

(S.D.Ohio 1975). He is correct up to a point; *Gill* and *Avery* have not been overruled, and filing a proof of claim is not akin to making a general appearance. But all of these cases differ from the instant one in one critical aspect: they do not involve a preference. Only in dealing with preferences or other matter already considered by the court do the considerations of res judicata and judicial economy arise. Other matters are governed by the "same transaction" test and the compulsory/permissive counterclaim rule of F.R.Civ.P. 13 and Bankruptcy Rule 713. This Court is not alone in its reasoning. *See* 2 Colliers 23.-07(6) (14th ed.).

Defendant also asserts that any possible consent terminated when the claims were adjudicated. It is true that the most related claim, number 59, was disallowed. But two of Boyd's claims, numbers 58 and 60 were allowed, although in reduced sum. Once free of the constraints imposed by the same transaction test, the Court has continuing jurisdiction over the claimant during the administration of the estate. *See, Fulton National Bank v. Gormley*, 99 F.2d 464 (5th Cir. 1938); *cf., United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Therefore the Court concludes that it has summary jurisdiction of this adversary proceeding.

It is ordered as follows:

1. Defendant's motion to dismiss is denied;

2. Defendant shall file an answer to the complaint 20 days from the date of this order.