## CLINE, TRUSTEE IN BANKRUPTCY OF GOLD MEDAL LAUNDRIES, INC. *v.* KAPLAN ET AL.

No. 307. Submitted November 13, 1944.—Decided December 4, 1944.

*Mr. Edward Rothbart* submitted for petitioner.

*Mr. Norman H. Nachman* submitted for respondents.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

This case concerns the powers of a bankruptcy court when a claim adverse to the bankrupt estate is asserted.

An involuntary petition for adjudication in bankruptcy was filed against Gold Medal Laundries on September 22, 1941. A month later the adjudication was made. On December 22, petitioner, the trustee in bankruptcy, filed with the referee a petition for an order directing the respondents to turn over certain assets, allegedly belonging to the bankrupt, which had come into possession of the respondents some fifteen months prior to the institution of the bankruptcy proceedings. Respondents' answer claimed ownership in themselves and prayed dismissal of the petition. Extensive hearings were held to determine whether the property was in the constructive possession of the bankrupt. Prior to the close of the hearings respondents orally moved that the petition be dismissed for want of summary jurisdiction and a formal motion to this effect was filed on May 19, 1942. On June 24, 1942, the referee granted this motion. The District Court reversed, whereupon the referee denied a turnover order on the merits and the District Court again reversed. Appeals from both decisions of the District Court were taken to the Circuit Court of Appeals for the Seventh Circuit. Having found that the objection to the summary jurisdiction had been timely and had not been waived, that court sustained the referee's dismissal for lack of jurisdiction. 142 F. 2d 301. Conflicting views having been expressed in different circuits on matters affecting bankruptcy administration which ought not to be left in doubt, we granted certiorari.

A bankruptcy court has the power to adjudicate summarily rights and claims to property which is in the actual or constructive possession of the court. *Thompson* v. *Magnolia Co.,* 309 U. S. 478, 481. If the property is not in the court's possession and a third person asserts a *bona fide* claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated "in suits of the ordinary character, with the rights

and remedies incident thereto." *Galbraith* v. *Vallely,* 256 U. S. 46, 50; *Taubel-Scott-Kitzmiller Co.* v. *Fox,* 264 U. S. 426. But the mere assertion of an adverse claim does not oust a court of bankruptcy of its jurisdiction. *Harrison* v. *Chamberlin,* 271 U. S. 191, 194. It has both the power and the duty to examine a claim adverse to the bankrupt estate to the extent of ascertaining whether the claim is ingenuous and substantial. *Louisville Trust Co.* v. *Comingor,* 184 U. S. 18, 25–26. Once it is established that the claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily. Of such a claim the bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court. *MacDonald* v. *Plymouth County Trust Co.,* 286 U. S. 263.

Consent to proceed summarily may be formally expressed, or the right to litigate the disputed claim by the ordinary procedure in a plenary suit, like the right to a jury trial, may be waived by failure to make timely objection. *MacDonald* v. *Plymouth County Trust Co., supra* at 266–267. Consent is wanting where the claimant has throughout resisted the petition for a turnover order and where he has made formal protest against the exercise of summary jurisdiction by the bankruptcy court before that court has made a final order. *Louisville Trust Co.* v. *Comingor, supra.* In the *Comingor* case although the claimant "participated in the proceedings before the referee, he had pleaded his claims in the outset, and he made his formal protest to the exercise of jurisdiction before the final order was entered." *Id.* at 26. This, it was held, negatived consent and thereby the right to proceed summarily.

Thus, what a bankruptcy court may do and what it may not do when a petition for a turnover order is resisted by an adverse claimant is clear enough. But whether or not

there was the necessary consent upon which its power to proceed may depend is, as is so often true in determining consent, a question depending on the facts of the particular case. And so we turn to the facts of this case.

When the trustee filed his petition for a turnover order, respondents denied any basis for such an order and asserted their adverse claim. There is no dispute about that. Before the matter went to the referee for determination, respondents explicitly raised objection to the disposition of their claim by summary procedure. They later amplified that objection by a written motion and supported it by extended argument. The established practice based on the criteria of the *Comingor* case was thus entirely satisfied. We reject the suggestion that respondents conferred consent by participating in the hearing on the merits. See *In re West Produce Corp.,* 118 F. 2d 274, 277. In view of the referee's opinion that the hearings were held to determine whether the bankrupt had constructive possession of the property, the petitioner can hardly claim the benefit of the restricted rule which he invokes. In any event, such a view is contrary to that which was decided in *Louisville Trust Co.* v. *Comingor, supra,* which held, as we have noted, that consent is not given even though claimant "participated in the proceedings" provided formal objection to summary jurisdiction is made before entry of the final order. And the *Comingor* case "has been repeatedly cited as determinative of the law and practice in similar cases." *Galbraith* v. *Vallely,* 256 U. S. 46, 49.

We find no merit in other questions raised by the petitioner. But they do not call for elaboration.

*Affirmed.*