## SIMON v. SCHAETZEL.

### In re SIMON.

No. 4211.

United States Court of Appeals
Tenth Circuit.

May 17, 1951.

Samuel J. Frazin, Denver, Colo., for appellant.

Raymond B. Danks, Denver, Colo., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Upon voluntary petition, Carl Edward Simon was adjudicated a bankrupt on June 2, 1947. In the course of the administration of the estate, the Trustee petitioned the Referee for an order directing the bankrupt to "turn over" certain "United States Savings Bonds, Series E, purchased in the name of Carl E. Simon or Madeleine Simon", or the cash value thereof, alleging that such bonds were in the possession or control of the bankrupt at the time of the petition in bankruptcy, and "wilfully" omitted from the schedule of assets. The bankrupt resisted the petition, contending that he had completely divested himself of any title or interest in the bonds by delivering the same to his wife as an "outright gift" for her personal use, prior to the petition in bankruptcy.

On hearing, the Referee found that at the time of the petition in bankruptcy the

bonds were jointly owned by the bankrupt and his wife, and in the constructive possession of the bankrupt. The bankrupt was accordingly ordered to "turn over" one half of the bonds to the Trustee, or their value in cash if the same were not available for delivery. The findings and decision of the Referee were confirmed by the District Court on review, and the bankrupt has appealed.

Undoubtedly, the bankruptcy court had jurisdiction to summarily adjudicate the question of the bankrupt's possession and ownership of the bonds at the time of the petition in bankruptcy. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; City and County of Denver v. Warner, 10 Cir., 169 F.2d 508; Keaton v. Looney, 10 Cir., 111 F.2d 34. There is no third party adversely claiming the res, as in Cline v. Kaplan, supra. Only the bankrupt challenges his possession and ownership of the bonds, supported by the testimony of his wife, who was not a party to the proceedings. This appeal is leveled not at the summary jurisdiction, but at the factual and legal correctness of the summary adjudications respecting the bankrupt's ownership and possession of the bonds.

Appellant contends that the evidence in the summary proceedings conclusively shows that the bonds had been delivered to his wife as an outright gift and that on the date of the petition in bankruptcy he had neither possession of, or interest in, the bonds. Based upon this contention it is argued that there is no factual or legal basis for the "turn over" order, and the petition therefor should have been dismissed.

The undisputed facts show that numerous bonds were purchased by the bankrupt under a payroll deduction plan while working for the United States Government in Denver, Colorado, and were issued in the name of the bankrupt "or" his wife, as co-owners. Some of the bonds had been cashed by the bankrupt and his wife prior to the bankruptcy proceedings, but approximately seventy-one bonds were unredeemed on May 29, 1947, when the petition in bankruptcy was filed, and were cashed in the following months of June and July. On June 11 and July 21, respectively, a $50.00 bond was cashed by the bankrupt over his signature, for a total sum of $75.00. On July 25, 1947, the wife endorsed and cashed a $25.00 bond for $19.12 at a bank in California, where she was on vacation with the bankrupt, and on the same date she cashed a large number of similar bonds in the total amount of $1640.08.

The only evidence to support the bankrupt's contention and sworn statement that the bonds had been presented to his wife as a gift, was the testimony of the wife, who appeared as a witness in the proceedings. She testified that the bankrupt turned over his salary and the bonds to her each month. That she was employed but handled the finances for the family. She stated that she used her salary and that of her husband to defray the family's living expenses and saved the bonds; that she considered the bonds her own personal property and kept them in her possession at all times; that she kept them in a box in the home, but the bankrupt did not know of their location. She admitted that the bonds were used when needed for family expenses; that most of them had been cashed for "our trip" to California, and could not remember having used any of the bonds for her own personal use. She stated that the two bonds cashed by the bankrupt after the petition in bankruptcy were cashed at her request and that she received the proceeds thereform. She admitted, however, that prior to the petition in bankruptcy a number of bonds had been cashed and that all but three of them, were redeemed by the bankrupt.

Under these facts the Referee and the Bankruptcy Court on review, were fully justified in concluding that the bankrupt was co-owner, and in constructive possession, of the bonds at the time of his petition in bankruptcy.

The judgment is affirmed.