**In re HUBBELL et al.**

United States District Court
S. D. New York.
May 25, 1953.

Wegman, Epstein & Burke, New York City, Myron L. Shapiro, New York City, of counsel, for petitioner Bright Radio Lab.

Finke, Jacobs & Hirsch, New York City, for receiver.

EDELSTEIN, District Judge.

Petitioner seeks to vacate a stay contained in an order appointing a receiver in the Chapter XI proceeding, 11 U.S.C.A. § 701 et seq., in so far as the stay prevents the payment of moneys to it in settlement of certain contract termination claims. The stay is in the terms usually contained in orders in arrangement where receivers are appointed, and was not specifically aimed at the transaction in issue. The petitioner was a subcontractor to the debtor on three defense materiel contracts, two of which were terminated by the Army. As a result of the Army's concern about the completion of the third contract, all the interested parties, including the bank which had lent money to the debtor under a V-loan agreement, entered into further agreements (more than four months prior to the petition in arrangement) whereby the petitioner became the prime contractor under the third contract in place of the debtor, and the latter transferred and assigned to the former all of its right and title to and interest in the termination claims of petitioner under the terminated prime contracts. Subsequently, in execution of the agreements, the Army paid the bank large sums of money on account of petitioner's termination claims which the bank paid over to the petitioner, less an amount due the bank from the debtor. A further payment of $1,665.86 made by the Army to the bank was not paid over to petitioner because the debtor's receiver contended that the funds were the property of the debtor and subject to the stay order. An additional payment of a sum in excess of $26,000, by the Army, was prevented by the same contention.

The receiver opposes the vacation of the stay sought and requests that the matter be referred, for the exercise of summary jurisdiction, to the referee to whom the matter has been referred generally. In his affidavit he alleges that the payment which petitioner seeks to obtain "might be

found to be tainted not only with a preferential intent, but with a fraudulent purpose * * *". But the issues of preference and fraudulent conveyance are not relevant.[1] The basic problem is whether the bankruptcy court has actual or constructive possession of the property for the purpose of exercising summary jurisdiction. The choses in action involved are certain contract termination claims, of which the debtor had divested itself prior to the petition in arrangement. Since the debtor was not the legal owner of this property at that time, the receiver cannot have acquired the "possession" of them necessary to put him in a position summarily to determine his rights as against other claimants. Cf. In re Worrall, 2 Cir., 79 F.2d 88. The petitioner asserts a bona fide claim adverse to the receiver, which is neither colorable nor frivolous, and it has not consented to summary adjudication in the bankruptcy court. It has, therefore, the right to have the merits of its claim adjudicated in a plenary suit. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97. Accordingly, this court lacks jurisdiction to proceed, and the motion will be granted.

---

1. Collier on Bankruptcy (14th Ed.), vol. 2, § 23.06, page 493 and cases cited. Furthermore, since the assignment occurred more than four months prior to the petition in arrangement, is it difficult to understand the charge of preferential transfer. Section 60, sub. a of the Bankruptcy Act, as amended, 64 Stat. 24, 11 U.S.C.A. § 96, sub. a.