In re **HOUSTON SEED CO., Inc.**
No. 58166.

United States District Court
N. D. Alabama, S. D.
June 30, 1954.

Cooper, Mitch & Black, Birmingham, Ala., for trustee.

Abele & Witcher, Birmingham, Ala., for president and secretary-treasurer of bankrupt.

GROOMS, District Judge.

This case is presented on petition for review by the trustee in bankruptcy of the Houston Seed Company, Inc.

H. B. and Bennett M. Fultz, directors, President and Secretary-Treasurer, respectively, of the bankrupt, filed unsecured claims in the bankruptcy proceedings. The trustee moved for a disallowance of the claims and set forth counterclaims aggregating $65,381.55. By these counterclaims the trustee seeks a recovery for moneys loaned by the corporation to Bennett M. Fultz, for negligent mismanagement of its affairs, for fraudulent misappropriations, for deceit, and for breach of fiduciary duties as officers and directors of the corporation.

The referee disallowed the counterclaims in as far as same sought a recovery beyond the amounts claimed in the proofs of claims. He held, under the authority of B. F. Avery & Sons v. Davis, 5 Cir., 192 F.2d 255, that these creditors did not consent to the summary jurisdiction of the bankruptcy court by the mere filing of their proofs of claims. The referee was of the further opinion that since Section 2, sub. a(7), as amended, 11 U.S.C.A. § 11, sub. a(7), contemplates a formal turnover proceeding against an adverse creditor or claimant, it would presumedly have no effect on summary jurisdiction by way of counterclaims filed against a creditor. The trustee not only challenges these findings, but further contends that by failing to interpose timely objections to the summary jurisdiction of the court of bankruptcy, these creditors, under Section 2, sub. a(7), as amended, consented to such jurisdiction. A copy of the counterclaims was served upon the attorneys for the creditors on December 29, 1952. On March 18, 1953, there were pro se appearances upon motions to dismiss or in lieu thereof to quash the return of service. On March 27, 1953, the referee overruled the motions to quash and allowed ten days for further answer. On April 6, a second motion to dismiss addressed to the right of the trustee to maintain the counterclaims was filed. The order entered on the latter motion is the one under review.

Section 2, sub. a(7) was amended on July 7, 1952, by adding the following:

" * * * and where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction;"

This amendment was enacted to clarify the rule in Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97. See House Report No. 2320 on S. 2234, 82d Cong. 2d Sess. (1952) 4. The effect of that decision was to permit an adverse claimant at any time before the entry of the final order to present his formal objection to the summary jurisdiction of the bankruptcy court. He could proceed on the merits and gamble on a favorable decision. When he perceived or feared that the decision would be against him he could interpose his formal objections to summary jurisdiction, and should his objections be sustained, require the trustee to relitigate the issues in a plenary suit.

Section 2, sub. a of the Bankruptcy Act confers upon courts of bankruptcy "such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title * * * to * * * (7) Cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, *except as herein otherwise provided*". The exception has reference to Section 23, 11 U.S.C.A. § 46. Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718. Section 23, sub. a, vests the United States district courts with jurisdiction of all controversies at law and in equity, "as distinguished from proceedings under this title," between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees in the same manner and to the same extent as though such proceedings had not been instituted. Subsection b. provides that suits by receivers and trustees shall be brought only in the courts (state or federal) where the bankrupt might have brought them if "proceeding under this title" had not been instituted, unless by consent of the defendant, except as provided in Sections 60, 67 and 70, 11 U.S.C.A. §§ 96, 107, 110.

Section 23, therefore, withdraws plenary jurisdictions from courts of bankruptcy of controversies and suits falling within its scope, otherwise Section 2, sub. a(7), would appear to give such courts plenary and unlimited jurisdiction in the matter of collecting the assets of the estate. Williams v. Austrian; supra.

Since under Section 23 jurisdiction of plenary suits encompassing "controversies at law and in equity, as distinguished from proceedings under this title" is withdrawn from courts of bankruptcy, the quoted provisions of the 1952 amendment to Section 2, sub. a(7), which does not purport to encompass such controversies, but only those controversies "arising in a proceeding under this title", did not, under the conditions provided for therein, extend the jurisdiction of such courts to controversies and suits theretofore withdrawn from them by Section 23. The counterclaims fall within Section 23.

If, as provided in Section 2, sub. a(7) as amended, the controversy is one "arising in a proceeding under this title", the adverse party is deemed to have consented to the summary jurisdiction of the bankruptcy court by not interposing an objection thereto in the time and manner therein provided. By the express provision of Section 23, sub. b an adverse claimant can consent to hearing a controversy properly the subject of a plenary suit in a summary manner. The consent there provided for may be formally expressed or it may arise from acts inconsistent with a denial of summary jurisdiction. More specifically, the right to litigate the disputed claim by the ordinary procedure in a plenary suit may be waived by a trial on the merits without timely objections.

Construing the amended portion of Section 2, sub. a(7) here involved as having been enacted for the purpose of clarifying and limiting the reach of Cline v. Kaplan, supra, and giving due weight to the words employed to express that purpose, the court is of the opinion that these creditors did not, as contemplated by Section 23, sub. b, consent to the summary jurisdiction of the bank--

 

ruptcy court by their delay from December 29, 1952, until March 18, 1953, in interposing objections to such jurisdiction.

■ The language of Section 2, sub. a(7) as amended does not purport to extend summary jurisdiction to a creditor who has entered the proceedings by filing a proof of claim. The Avery case continues as controlling in this circuit on that issue.

The referee did not err in disallowing the trustee's counterclaims for any sums beyond the amounts set out in the proofs of claims. The trustee's petition for review be and the same hereby is denied.