**THOMPSON v. DACHNER.**
No. 13765.

United States Court of Appeals
Ninth Circuit.
Aug. 13, 1954.

Alex L. Arguello, Marvin G. Giometti, San Francisco, Cal., for appellant.

Casper Weinberger, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

This case presents the question of whether the referee had jurisdiction to determine in a summary proceeding creditor Dachner's right to retain certain funds in his possession. The referee held that he did not. The United States District Court affirmed. A solution hinges upon a determination of whether the referee had constructive possession of the property involved at the time the summary proceeding was attempted to

be invoked, it being conceded that the referee did not have actual possession.

On November 20, 1947, R. H. Dachner levied execution in the amount of $26,266.81 on a judgment in his favor against the Union Lead Mining and Smelter Company, hereafter Union Company, by a Nevada trial court, from which said judgment an appeal was taken. Five days after the entry of said judgment, an agreement was made on the company's behalf whereby, in exchange for a favorable settlement on another matter, the company agreed to dismiss the appeal and allow Dachner to retain the $26,266.81. The appeal was dismissed but was later reinstated at appellant's request. In prosecuting the appeal after the settlement no offer to forego that portion of the said settlement favorable to the appellant was made. The Union Company filed a voluntary petition in bankruptcy on February 7, 1948, and was adjudicated a bankrupt two days later. On June 25, 1948 the Nevada Supreme Court, Dachner v. Union Lead Mining & Smelting Co., 65 Nev. 313, 195 P.2d 208, set aside the judgment entered in the Nevada trial court on which execution had been levied and ordered a new trial on grounds not here relevant. The validity of the intervening settlement of November 25, 1947 was not passed upon by the Nevada Supreme Court at that time. However, on remand the Nevada trial court ruled that Union Company was bound by the settlement which it had in part repudiated; that Dachner was entitled to retain the funds obtained through the levy of execution, and, that further proceedings on the merits should be dismissed. The Nevada Supreme Court subsequently affirmed this action of the trial court, finding that the persons who negotiated on the Union Company's behalf had ostensible authority and that the company had ratified the settlement.

The Trustee in Bankruptcy of the Union Company took no part in the litigation in the Nevada courts. He now attempts to invoke the summary jurisdiction of the bankruptcy court to secure

an order requiring Dachner to turn over to him the funds obtained by the levy of execution on November 20, 1947.

It is appellant's position that the action of the Supreme Court of Nevada in reversing the judgment under which the levy was made and by virtue of which Dachner obtained the funds nullified the legal possession thereof by Dachner. He, in appellant's view, thereafter held as a constructive trustee for the Union Company and, Union Company being adjudged a bankrupt before a new trial was had, then constructive possession by the bankruptcy court thereupon attached. Appellee, on the contrary, maintains that by virtue of the settlement which was made over three months before Union Company was adjudicated a bankrupt, Dachner held the funds under an adverse and substantial claim, hence the bankruptcy court could not acquire constructive possession.

In Cline v. Kaplan, 1944, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L.Ed. 97, and Taubel-Scott-Kitzmiller Co. v. Fox, 1924, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770, the Supreme Court of the United States clearly defined the situations in which summary jurisdiction does or does not lie. In Cline v. Kaplan, supra, 323 U.S. at pages 98–99, 65 S.Ct. at page 156, the Court, while stating that summary jurisdiction could be exercised over claims to property in the constructive possession of the bankruptcy court, also states that such jurisdiction does not exist:

> "If the property is not in the court's possession and a third person asserts a *bona fide* claim adverse to the * * * trustee in bankruptcy, he has the right to have the merits of his claim adjudicated 'in suits of the ordinary character, with the rights and remedies incident thereto.' "

And, in Taubel-Scott-Kitzmiller Co. v. Fox, supra, 264 U.S. at pages 432–433, 44 S.Ct. at page 398, the Court, in speaking of constructive possession, said:

> "It exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only."

■ Since this case is one where the property is held by one who makes a claim, summary jurisdiction can be based on constructive possession only in the event the claim is merely colorable. Therefore, the trustee can succeed in invoking summary jurisdiction in this case only if he can show that Dachner's claim is not substantial and adverse, but colorable only.

■ The trustee, seemingly recognizing this limitation, argues that Dachner does not have an adverse and substantial claim to the disputed funds, but that his claim is colorable only. In our view the holding of the Supreme Court of Nevada that the possession of the funds by Dachner is based upon a valid settlement is sufficient in itself to dignify the claim as being adverse and substantial. Union Lead Mining & Smelter Co. v. R. H. Dachner, 1951, 68 Nev. 518, 239 P.2d 248.

The order of the referee and the order of the District Court confirming said order are affirmed.

Affirmed.