**In the Matter of MUNTZ TV, Inc., et al., Debtors.**

**R. H. and M. WIENER, Appellants,**

**v.**

**C. Wylie ALLEN and Floyd G. Dana, The Trustees of Muntz TV, Inc., Appellees.**

**No. 11377.**

United States Court of Appeals Seventh Circuit.

Aug. 10, 1955.

Monroe L. Friedman, New York, N. Y., for appellant.

Joseph W. Grady, James Overton Brooks, Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY, and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Trustees-appellees, Allen and Dana of Muntz TV, Inc., principal debtor under Chapter X, Bankruptcy Act[1] proceedings were granted an order below against appellants, Max Wiener, landlord, and Ralph H. Wiener, directing those persons to turn over $661.67. That sum represented the balance of $3,000 deposited "as security for the full and faithful performance of" a lease running from the Wieners to Muntz for premises located in Jackson Heights, New York.

Ralph H. Wiener's communication, on his law office letterhead, to the district judge follows:

"As illness and confinement to my home prevent my attendance in your court on November 16, 1954, to oppose a petition made by the Trustees and returnable on that date for a turnover of a leasehold security deposit allegedly held by myself and M. Wiener, I am enclosing the original of an Affidavit of Max Wiener which I wish would be marked and read as submitted in opposition to the Trustees' said petition. A copy of the said answering Affidavit has been served by mail upon the Attorney for the Trustees.

"Thank you."

In the affidavit, mentioned in that letter, Max Wiener requested a hearing in the Federal District Court, Southern District of New York where he resides, and the leased property is located, because of advanced age and illness of R. H. Wiener. The affiiant stated that only he and R. H. possessed personal knowledge of the matter.

Obviously on this record there is absent any question of notice to the Wieners. We think the letter and affidavit, disclosing no challenge to jurisdiction, plenary or summary, waived jurisdictional issues. Cline v. Kaplan, 1944, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97. Ordering the turnover of $661.77 and allowing the Wieners $2,338.23 out of the security deposit totaling $3,000 was correct. In re Cuyahoga Finance Co., 6 Cir., 1943, 136 F.2d 18. In his affidavit Max Wiener admitted the deposit was for security and the court below rightly tested its findings of fact and conclusions of law on that point.

Because we are affirming the district court's order entered November 16, 1954, challenged here by appellants, it is unnecessary to discuss the trustees' motion to dismiss this appeal.

After studying this record, two briefs filed by appellants and the brief for appellees, we are satisfied that this case presents facts readily distinguishable from those presented by In re Muntz TV, Inc. (W. G. Embry and Fort Worth National Bank v. Allen and Dana), 7 Cir., 225 F. 2d 489.

We have considered all of appellants' contentions and find them without merit. The judgment of the district court is affirmed.

Affirmed.

LINDLEY, Circuit Judge, concurring in part and dissenting in part.

I agree that appellants, respondents below, waived jurisdiction over their persons, as pointed out by the majority. In other words, had there been no such waiver, they, being adverse claimants of funds in their possession, would have been entitled to have their rights determined in a plenary suit brought by the trustee, not summarily. But the record discloses, as the majority says, that any objection to summary jurisdiction was waived; it follows that the district court had jurisdiction of the persons and the subject matter.

But I part company with my brethren when they conclude that the order adjudging the moneys to be those of the trustees in reorganization was correct.

---

[1]. 52 Stat. 883, 11 U.S.C.A. § 501 et seq.

No evidence was submitted. The district court had before it nothing justifying an adjudication that the lien alleged to exist was in fact void. Yet it proceeded, without evidence, to enter a final judgment. This, it seems to me, was obvious error. I would reverse the judgment and remand the cause for trial to determine, upon evidence, the controverted issue of whether appellants had a valid lien upon the funds in question.