David R. CADWELL, Appellant,

v.

Peter M. ELLIOTT, Trustee, Appellee.

No. 17945.

United States Court of Appeals
Ninth Circuit.

June 24, 1963.

David R. Cadwell, Santa Ana, Cal., for appellant.

John P. Stodd, Santa Ana, Cal., for appellee.

Before CHAMBERS, POPE and BARNES, Circuit Judges.

CHAMBERS, Circuit Judge.

Elliott is the trustee of bankrupt Dover Builders, Inc. Prior to bankruptcy,

Cadwell was its attorney. By turnover proceedings before the referee on an order to show cause, the trustee has received an order requiring Cadwell to pay him $651.00, the value of certain assets transferred to him September 1, 1960. These assets consisted of the company's office furniture and its lease for the premises where it had its office. Bankruptcy occurred on March 15, 1961.

It would appear that at the time of transfer the company was insolvent and that the transfer was intended as payment of a pre-existing debt. It was asserted that the preference violated fiduciary duties of Cadwell to the company and thus under the circumstances was a voidable preference under California state law and under Section 67, sub. d [1] of the Bankruptcy Act. Cadwell has resisted the jurisdiction of the referee in summary proceedings every step of the way. But the referee and the district court have ruled against him on jurisdiction and the merits. He appeals here on jurisdiction only.

We assume that we deal here not with jurisdiction in the naked sense of power to act, but with the exercise of jurisdiction after a challenge. We doubt it not that many turnover cases not unlike the instant one are heard without challenge to the jurisdiction, and that they are reviewed by the district court and by the courts of appeal.[2] We do not reach collateral attacks on unattended-to jurisdictional questions. If convenience were the test, it might be highly desirable to have referees hear all such cases. Such a view seems to be expressed in Cowans, Bankruptcy Law and Practice, p. 435, et seq.

But in a case such as Cadwell versus Elliott we hold that Cadwell was entitled to defend a plenary suit and have his jury. Here the preference was over six months old before the date of bankruptcy and a breach of one's duty as a fiduciary duty among others, was con-

tested. See Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Eyster v. Gaff, 91 U.S. 521, 23 L.Ed. 403; In re Midtown Contracting Company, 2 Cir., 243 F. 56.

We express no view as to the merits, but we cannot say that Cadwell's claim was merely colorable under the rule of Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405.

The order of the district court is reversed.

---

**1.** 11 U.S.C. 107, sub. d.

**2.** Section 23, sub. b, 11 U.S.C. § 46, sub. b, provides that the defendant may consent

that suits by a bankruptcy receiver or trustee may be heard in bankruptcy court.