In the Matter of Ida L. PENNINGTON
and George D. Pennington,
Bankrupts,

Joseph A. ROACH, Trustee in Bank-
ruptcy, Appellant,

v.

GENERAL DEVELOPMENT CORPORA-
TION, Appellee.

No. 15762.

United States Court of Appeals
Sixth Circuit.

Jan. 5, 1965.

Steven F. Williams, Cincinnati, Ohio, Louis R. Schear, Cincinnati, Ohio, on brief, for appellant.

Robert T. McConaughy, Cincinnati, Ohio, Powell McHenry, Dinsmore, Shohl, Barrett, Coates & Deupree, Cincinnati, Ohio, on brief, for appellee.

Before MILLER and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Pursuant to an involuntary petition in bankruptcy, Ida L. Pennington and George D. Pennington, partners, doing business as Pennington's Cafeteria and Restaurant, were on February 10, 1960, adjudged bankrupts.

At a hearing on June 21, 1961, under Section 21, sub. a of the Bankruptcy Act, Section 44, sub. a, Title 11, United States Code, an attorney for the appellee General Development Corporation was present and upon inquiry by the Referee orally advised the Referee that the General Development Corporation was a creditor of the bankrupts in the amount of $3,485.00, which was secured by a chattel mortgage against the restaurant fixtures.

On March 7, 1963, the Trustee filed an application to sell the restaurant assets free and clear of all liens. At a hearing on April 21, 1963, on a show

584

cause order with respect to this application, an attorney for General Development Corporation was present and orally advised the Referee of its chattel mortgage and the unpaid balance thereon.

On May 21, 1963, the Trustee filed an objection to the validity of General Development Corporation's chattel mortgage and also a counterclaim, which allegedly arose out of the same transaction, in the amount of $28,000.00 actual damages and $75,000.00 punitive damages.

On June 21, 1963, at a hearing on the objection and counterclaim, General Development Corporation orally objected to the summary jurisdiction of the Bankruptcy Court to determine the validity of its chattel mortgage and the counterclaim. Thereafter, on July 1, 1963, it filed its written objection to the summary jurisdiction of the Bankruptcy Court, the objection stating that it appeared specially solely for that purpose.

■ The Referee found that General Development Corporation had not filed a written claim in the Bankruptcy Court asserting its chattel mortgage as a lien against the restaurant assets, nor had it filed a written unsecured claim. He ruled that it had not consented to the summary jurisdiction of the Bankruptcy Court to hear and adjudicate the counterclaim, although, by reason of the constructive possession of the assets against which the mortgage lien was claimed, the Bankruptcy Court could determine the validity of the lien in a summary proceeding.

On review, the ruling was affirmed by the District Judge. The Trustee has taken the present appeal from that order. It is conceded by the appellee that the Bankruptcy Court has summary jurisdiction to pass on the validity of the lien claim.

The District Judge in making his ruling recognized that there was a growing list of decisions holding that the mere filing of a claim by a creditor constitutes consent as a matter of law to summary jurisdiction of counterclaims arising out of the same transaction. S. A. Peters v.

Lines, 275 F.2d 919, 925, C.A.9th; Continental Casualty Co. v. P. B. White, 269 F.2d 213, 214–215, C.A.4th. He held, however, that appearance at a hearing and oral statements to the Referee of the kind involved in this proceeding, without the filing of a written claim, did not equate the filing of a claim and consent to the summary jurisdiction of the Bankruptcy Court to determine the counterclaim. Section 23 of the Bankruptcy Act, Section 46, Title 11, United States Code.

We agree with the ruling of the District Judge. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Louisville Trust Co. v. Comingor, 184 U.S. 18, 26, 22 S.Ct. 293, 46 L.Ed. 413.

■ Appellant contends, however, that although summary jurisdiction may not exist under Section 23 of the Bankruptcy Act, it is conferred on the Bankruptcy Court by Section 2, sub. a(7) of the Bankruptcy Act, Section 11, sub. a (7), Title 11, United States Code, as amended in 1952. This amendment, enacted subsequent to the ruling in Cline v. Kaplan, supra, 323 U.S. 97, 65 S.Ct. 155, provides that "where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction." Appellant claims that the filing of the objection to summary jurisdiction on July 1, 1963, approximately six weeks after the filing of the Trustee's counterclaim, does not satisfy the requirements of this amendment and constituted consent to summary jurisdiction.

Section 2, sub. a(7), dealing with the jurisdiction of courts of bankruptcy, contains the specific qualification "except as herein otherwise provided." Appellant ignores this qualification in his argument. In Williams v. Austrian, 331

, U.S. 642, 644, 649, 67 S.Ct. 1443, 91 L.Ed. 1718, the Supreme Court held that this exception had reference to Section 23 of the Bankruptcy Act hereinabove discussed. This question is well analyzed and discussed in In re Houston Seed Co., 122 F.Supp. 340, D.C.Ala., to which reference is made. We are of the opinion that Section 2, sub. a(7) of the Bankruptcy Act is not applicable to the issue presently before us.

The judgment of the District Court is affirmed.