In re Earl E. HOLLAND, d/b/a Holland Implement Co., Bankrupt.

CONTINENTAL AUTO SALES, INC., a Wisconsin Corporation, and Ruth Holland, Petitioners,

v.

Charles F. SCHROEDER, Trustee of Earl Holland d/b/a Holland Implement Co., Respondent.

No. 74–B–2610.

Misc. No. 521.

United States District Court, E. D. Wisconsin.

April 27, 1976.

Motion for Reconsideration Denied June 3, 1976.

G. K. Gulbankian, Gulbankian & Gulbankian and Gerald T. Flynn, Flynn & Flynn, Racine, Wis., for petitioners.

Charles F. Schroeder, Burke & Schoetz, Milwaukee, Wis., for Charles F. Schroeder.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is an action whereby the petitioners Continental Auto Sales, Inc. [hereinafter "Continental"] and Ruth Holland, through their counsel, seek relief from this Court in connection with certain conduct undertaken in the bankruptcy court for this judicial district by the trustee for the bankrupt Earl E. Holland [hereinafter "the trustee"]. On May 13, 1975 the trustee initiated adversary proceedings in said bankruptcy court in an effort to resolve the question of whether Continental is an alterego of the bankrupt such that its assets are within the bankrupt's estate. Counsel for Continental and Ruth Holland essentially contend that the bankruptcy court has no jurisdiction to rule upon this issue and they petition this Court for three principal forms of relief: first, an order pursuant to Rule 102(b) of the Bankruptcy Rules to withdraw this case from reference to the bankruptcy court for the limited purpose of resolving the question of where title to these assets is to be adjudicated; second, an order to compel the trustee to account for all assets of Continental which have been seized to date or the sums of money resulting from the sale thereof; and third, an order to compel the trustee to honor an assignment of funds from Continental to its attorneys.

After due consideration of the record in this matter, the Court determines that withdrawal of this cause from the bankruptcy court is appropriate for the sole purpose of consideration of the questions that have been presented. The requested relief is to be denied, however, and the case remanded for further proceedings, all in ac-

cordance with the terms of the following memorandum opinion.

## I.

From the record before the Court at this time, it appears that the following constitutes the factual background of this rather unusual miscellaneous matter:

On November 21, 1974, an involuntary petition in bankruptcy was filed against Earl E. Holland d/b/a Holland Implement Company. An adjudication of bankruptcy was entered on January 30, 1975 and the respondent Charles F. Schroeder was thereafter appointed as receiver and trustee. On January 31, 1975, and pursuant to his duties as receiver, Schroeder traveled to the premises of the Holland Implement Company for the purpose of conducting an inventory of assets. On his arrival he found that the structure housing Holland Implement appeared to contain an additional business, Continental Auto Sales, Inc. Continental's name had been placed upon one of the several entrances to the Holland Implement building.

Schroeder attempted to post notices of receivership but found some difficulty in determining which of the two entities possessed what portions of the real and personal property. He conferred with one Robert Holland, whose connection with Continental is unclear, and the two agreed that the entire structure would be quarantined until the following Monday, February 3, 1975. Solution of the problems relating to ownership was to be attempted at that time.

On February 3, 1975 the receiver obtained an *ex parte* order for an injunction from the bankruptcy judge to prohibit any unauthorized persons from appearing on the premises where the two businesses were located. The injunction was based upon certain allegations that over the weekend of February 1 and 2 several trucks were brought to the garage portion of the common structure for the apparent purpose of illicit removal of physical property. The receiver thereafter changed the locks in the building and notified various federal and local law enforcement officials of the suspected nefarious activity.

An adversary hearing on the propriety of the scope of the injunction was held in the bankruptcy court on February 5, 1975 with counsel for both Continental and the receiver present. Continental's attorneys moved to modify the injunction to exclude the assets and personnel of Continental on the grounds that the corporation was an entity separate and distinct from the bankrupt Holland Implement Company. The receiver opposed the motion and attempted to demonstrate a close relationship between Continental and Earl Holland. At the conclusion of the hearing the bankruptcy judge indicated that some such relationship seemed apparent; after noting his fear of continued removal of the bankrupt's property, he ruled that the injunction was not to be modified.

Resolution of the ultimate question of the legal status of Continental was specifically reserved.

By petition of Ruth E. Holland, the bankrupt's spouse and the alleged secretary of Continental, a hearing was held on February 25, 1975 to reconsider the propriety of the pending injunction. On that date the bankruptcy court again refused to modify the scope of the injunctive decree, but the receiver was directed to institute proceedings to obtain an adjudication of title to the questioned assets.

On April 9, 1975, and notwithstanding the fact that adjudication of title had yet to occur, the bankruptcy judge issued an order to authorize the receiver to sell at public auction ". . . the personal property located at Holland Implement Co. and Continental Auto Sales, Inc. . . ." The judge further ordered that the sale was to be ". . . without prejudice to the rights of Continental Auto Sales, Inc. . . ." A sale took place on April 30, 1975 and the proceeds thereof are apparently now held by the receiver.

On May 8, 1975 counsel for Continental commenced an action in Branch 2 of the Circuit Court for Racine County. A sum-

mons and complaint were served but copies of those documents have not been placed in the record for this proceeding. The apparent purpose of that suit is to determine title to the assets or proceeds of sale now in question. On May 13, 1975 the trustee filed a complaint in the bankruptcy court seeking, *inter alia,* a determination that Continental is a sole proprietorship and not a corporation, and that the sole proprietor is Earl Holland, the bankrupt.

The petition currently at issue here was filed on August 22, 1975. Proceedings in the suit in Racine County have been stayed by consent of the parties, and the bankruptcy judge has agreed to temporarily suspend further action in this matter. As this Court moves to the merits of the controversy now before it, the case has come to rest in the posture described above.

## II.

■ By its very terms Rule 102(b) of the Bankruptcy Rules empowers a district court to withdraw a case from a bankruptcy judge, in whole or in part, and thereafter to act upon the controversy itself or to assign it to another bankruptcy judge in the same judicial district. Said withdrawal may be done at any time for the convenience of the parties or other cause.

A petition for withdrawal having been filed, and the Court being of the opinion that good cause therefor has been demonstrated, the Court will order withdrawal of reference of bankruptcy case 74–B–2610 for the limited purpose of this review. *See, generally* : Rule 102(b), Bankruptcy Rules; 2 Collier on Bankruptcy ¶ 22.09 (1975 ed.).

## III.

The principal questions to be resolved at this time concern the power or jurisdiction of the bankruptcy court to entertain and to act upon a complaint filed by a bankruptcy

trustee to challenge the legitimacy of a corporation which is alleged to be a sham and an alter-ego of the bankrupt such that the assets of the corporation are within the bankrupt's estate. The Court will proceed to review possible grounds upon which such jurisdiction might be based.

■ Simply stated, a bankruptcy court has jurisdiction to adjudicate all matters arising in the course of the administration of the bankrupt's estate or concerning property within the bankrupt's actual or constructive possession. Questions relating to these matters may be resolved in relatively limited or summary proceedings. Plenary procedure is required, however, when claims against or title to assets held by third parties are at issue. Unless the adverse claim of the third party is not *bona fide,* the bankruptcy court may act in such cases only by consent of the litigants or pursuant to a complaint showing a basis for federal jurisdiction independent of the Bankruptcy Act itself. *See generally,* § 23 of the Bankruptcy Act, 11 U.S.C. § 46; 2 Collier, *supra,* ¶ 23.01 *et seq.*

In view of the foregoing, this Court must inquire whether the petitioners have consented to plenary proceedings in the bankruptcy court or whether an independent basis of federal jurisdiction exists at this time. If neither is the case, the Court must make further inquiry as to whether summary proceedings are warranted.

### A. *Plenary Proceedings*

■ Absent consent of the defendant, the terms of § 23 of the Bankruptcy Act, 11 U.S.C. § 46, dictate that "controversies at law and in equity" [plenary actions] may be commenced only where the bankrupt or trustee could have brought the action if bankruptcy had not intervened. That is, if a plenary action is to be maintained in a federal court, there must generally be a basis of federal jurisdiction apart from the fact that certain bankruptcy proceedings

may be pending. *See*: 2 Collier, *supra,* ¶ 23.13[1].[1]

■ The complaint at issue here may not be heard in the federal courts for this judicial district on the basis of independent federal jurisdiction over the subject matter because complete diversity of the citizenship of the parties does not exist within the meaning of 28 U.S.C. § 1332 and because no other federal jurisdictional grounds are apparent. *See*: 2 Collier, *supra,* ¶ 23.13[1]. A plenary proceeding may be held, however, if the defendants have consented thereto within the meaning of 11 U.S.C. § 46(b).[2]

**2.** Id.

At the conclusion of the hearing held on February 25, 1975, the bankruptcy judge directed the trustee to file a complaint in that court to seek adjudication of title to the questioned assets claimed by Continental. The propriety of this procedure was apparently premised upon a presumption that the petitioners had consented to or admitted jurisdiction by contesting the legitimacy of the initial injunctive decree. With all due respect to the conclusions of the bankruptcy judge, this Court must determine that no sufficient consent to jurisdiction has been demonstrated.

■ The petitioners and their counsel have sought no relief or remedy in the bankruptcy court during the pendency of this case; indeed they appeared there only to contest the imposition of an injunction on their activities. At all times during the hearings on the scope of that injunction it seems clear that both the parties and the judge were acting on the implicit if not explicit understanding that the purpose of those hearings was to determine the need for the order for restraint and not to adjudicate title. As concerns the title question, counsel for the petitioners have instituted a separate suit in Racine County and have generally denied that jurisdiction exists in their answer to the trustee's complaint. For all these reasons the Court concludes that neither Continental nor Ruth Holland has consented to jurisdiction in the bankruptcy court for resolution of the question of the legitimacy of this corporate entity or title to its assets. *See, e. g., In re: Kirchoff Frozen Foods, Inc.,* 496 F.2d 84, 86 (9th Cir. 1974). A jurisdictional basis for proceedings on such issues must be found elsewhere.

### B. *Summary Proceedings.*

■ Absent either consent to plenary suit or an independent basis for federal jurisdiction, § 23 of the Bankruptcy Act mandates that jurisdiction over the issues raised by the trustee's complaint arise from the bankruptcy court's power of summary proceedings or not at all. But where consent to jurisdiction is lacking, as here, it is well settled that plenary procedures are necessary so long as the questioned property lies in the actual or constructive possession of a third party who asserts a *bona fide* claim thereto. *See*: 2 Collier, *supra,* ¶ 23.04[2], at pp. 453–456. The initial inquiry must therefore focus upon the questions of whether the petitioners maintain actual or constructive possession of the property now at issue, and, if so, whether their claim thereto is *bona fide.*

As to possession: It is apparent that the assets now in question, or the proceeds of

---

**1.** The full text of 11 U.S.C. § 46 reads as follows:

"(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title."

the sale thereof, are now in the actual or constructive possession of the bankruptcy trustee. Of course, such possession must be rightful to serve as a basis for summary proceedings. *See*: 2 Collier, *supra*, ¶ 23.05 at p. 470.

In this case possession by the bankruptcy court was obtained pursuant to an order for a seizure and sale of assets. This order was legitimate only if proper jurisdiction over the assets was present at the time when the order was issued. As noted above, summary jurisdiction was the only possible jurisdictional basis for that action. Because the assets were then in the hands of a third party, jurisdiction for the summary procedure of seizure and sale existed only if the possessor's claim to the assets was not *bona fide*. *See*: 2 Collier, *supra*, ¶ 23.05[1] at pp. 471–472. The whole of the question of whether jurisdiction for summary proceedings is now present thus devolves to the question of whether Continental's claims to the questioned assets are now *bona fide* and substantial, and were *bona fide* and substantial at the time of the seizure and sale thereof.

■ As to the substantiality of the claims of Continental to the assets in question: When title to assets either in or out of the possession of the bankruptcy court is questioned by a third party, the bankruptcy court is not immediately divested of jurisdiction over the issue. The judge must act to determine if the asserted claims are a mere pretense; if such is actually found to be the case, no jurisdiction is lost. *See*: 2 Collier, *supra*, ¶ 23.07[2] at p. 526 *et seq.*

■ An adverse claim must be deemed substantial if the evidence upon which it is based is sufficient to establish its validity. A claim is not to be held a mere pretense if its validity depends upon disputed facts as to which there is a conflict of evidence as well as a controversy in matter of law. 2 Collier, *supra*, ¶ 23.07[2] at p. 527:

"'It is now well settled that if there is a real and substantial controversy of law or fact as to property held adversely to a bankrupt—"a contested matter of right,

involving some fair doubt and reasonable room for controversy"—the bankruptcy court is "without jurisdiction" to adjudicate the matter, but the trustees must have resort to a plenary suit.'" 2 Collier, *supra*, quoting *In re Meiselman*, 105 F.2d 995 (2d Cir. 1939).

■ The bankruptcy court must clearly recognize that it is divested of jurisdiction at the point where the substantiality of a claim to assets held by a third party becomes apparent within the standards described above. In such a circumstance, no further summary proceedings are justified; the claimant then cannot be deprived of his right to litigate the disputed issues of ownership in a plenary suit brought in a court of competent jurisdiction. *See*, 2 Collier, *supra*, ¶ 23.04[2] at p. 464.

■ The bankruptcy trustee bears the burden of demonstrating that jurisdiction for summary procedure is present. *See: Hillebrand v. Sav-Co.*, 353 F.Supp. 19 (E.D. Ill.1972). If it can be shown, for example, that the questioned corporate entity has no independent business existence and was organized for the purpose of facilitating the business of the bankrupt, Continental's assets may well be within the bankrupt's estate and subject to summary bankruptcy procedures. *See, e. g., In re Plymouth Dyeing Co.*, 323 F.2d 134 (3d Cir. 1963).

Having set out the foregoing standards, this Court would proceed no further at this time.

■ It is clear that the scope of its summary jurisdiction is a question addressed to the bankruptcy court for hearing and resolution in the first instance. Because no such determination or hearing has been fully undertaken, the case is to be remanded for the initial jurisdictional inquiry:

"'. . . the mere assertion of an adverse claim does not oust a court of bankruptcy of its jurisdiction. * * * It has both the power and the duty to examine a claim adverse to the bankrupt estate to the extent of ascertaining whether the

claim is ingenuous and substantial. * * Once it is established that the claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily.'" *In re Plymouth Dyeing Co.,* 323 F.2d 134, 135 (3d Cir. 1963), *citing Cline v. Kaplan,* 323 U.S. 97, 98–99, 65 S.Ct. 155, 156, 89 L.Ed. 97, 99 (1944).

### IV.

In view of the foregoing determinations, the Court must conclude that no relief sought by the petitioners can be granted at this time. Absent proper adjudication in the bankruptcy court of the propriety of summary procedure, this Court would refrain from interference with what may be legitimate aspects of this particular bankruptcy process.

The Court would require, however, that the trustee's complaint of May 13, 1975 be amended or dismissed. It would appear to be unwise for the bankruptcy court to act solely on the basis of that document as it does not raise all issues and allegations critical to a decision on the question of whether Continental is a sham such that further summary procedures are warranted in connection with its assets. The amended complaint should clearly seek to establish, *inter alia,* that the corporate structure of Continental is and was a nullity both now and at the time when its assets were seized and sold, and that any claim to the contrary is and was not substantial or *bona fide.*

The Court might suggest that if the trustee fails to sustain his rather heavy burden in this case, the assets of Continental or the proceeds of the sale thereof should be placed in the custody of the Clerk of Court for this judicial district pending conclusion of plenary proceedings to determine title in a state court of competent jurisdiction.

### V.

After due consideration of the position of each party, as set forth in the various documents which constitute the record in this action to date, and for the reasons stated in the foregoing memorandum opinion,

THE COURT FINDS that, pursuant to Rule 102(b) of the Bankruptcy Rules, sufficient cause has been shown to warrant withdrawal of reference of this case from the bankruptcy court for this judicial district for the limited purpose of this review;

THE COURT FURTHER FINDS that no independent basis of federal jurisdiction has been established and that no consent to jurisdiction within the meaning of 11 U.S.C. § 46(b) has yet been demonstrated by either petitioner named above, such that plenary proceedings are not permissible as to any matter now at issue;

THE COURT FURTHER FINDS that the requisite initial findings have not been entered by the bankruptcy judge in regard to the question of whether the assets claimed by Continental are subject to summary bankruptcy procedures;

THE COURT THEREFORE ORDERS that this case is hereby remanded to the bankruptcy court with directions that the complaint of the trustee filed February 13, 1975 be amended or dismissed and that further proceedings be properly commenced or continued to conform to the terms of this memorandum opinion.

THE COURT FURTHER ORDERS that to the extent that the petitioners Continental Auto Sales, Inc. and Ruth Holland seek relief in excess of that ordered above, said request for relief is hereby DENIED.

All counsel are directed to continue the stay of the proceedings in Branch 2 of the Circuit Court for Racine County pending further order of the bankruptcy court.

This miscellaneous matter is remanded without taxation of costs or attorney's fees to any party.