414 F.Supp. 1155 (1976)
In the Matter of the ROWAND COMPANY, Bankrupt.
Vincent H. LAMMERS, Trustee, Plaintiff,
v.
PEOPLES BANK & TRUST COMPANY OF RUSSELLVILLE, ARKANSAS and Internal Revenue Service, Defendants,
First National Bank in Little Rock, Intervenor.
No. LR-73-B-495.
United States District Court, E. D. Arkansas, W. D.
June 18, 1976.
*1156 D. D. Panich, Little Rock, Ark., for plaintiff.
Paul Benham, III, Little Rock, Ark., for First National Bank in Little Rock.
W. H. Dillahunty, U. S. Atty., John F. Forster, Jr., Asst. U. S. Atty., Little Rock, Ark., for Internal Revenue Service.

MEMORANDUM OPINION
HENLEY, Circuit Judge, Sitting by Designation.
The Internal Revenue Service has taken this appeal from an order of the bankruptcy court denying its motion to dismiss a complaint filed by the Bankruptcy Trustee seeking an order requiring the Peoples Bank & Trust Company of Russellville to surrender possession of the balance of the bankrupt's account. The bankruptcy court determined that it had jurisdiction to determine the priority of liens against the fund.
The pertinent facts are as follows. On July 30, 1973 and September 10, 1973, the Internal Revenue Service made tax assessments against The Rowand Company for unpaid withholding and Federal Insurance Contributions Act taxes in the amount of $155,390.37. A notice of tax lien was filed in the local recording office on September 18, 1973 and on September 20 a notice of levy was served on the Peoples Bank & Trust Company of Russellville demanding that the bank turn over all property of the Rowand Company in its possession, which was, on that date, the sum of $33,824.44.
The bank failed to surrender possession of the fund and approximately three weeks later, on October 12, 1973, The Rowand Company filed a voluntary petition in bankruptcy. Thereafter, on January 17, 1974, the Bankruptcy Trustee filed a complaint naming the Peoples Bank & Trust Company and the Internal Revenue Service as party defendants. The complaint requested the bankruptcy court to direct the bank to surrender possession of the balance of the bankrupt's account and to determine the priority of liens against the account. On January 22, 1974, the bankruptcy court filed an order requiring the bank to pay the fund into the registry of the court. On January 30 the First National Bank in Little Rock was permitted to intervene as a party defendant to assert its security interest in receivables on deposit in the Russellville account. The Internal Revenue Service subsequently filed a motion to dismiss the Trustee's complaint that was premised upon a lack of jurisdiction in the bankruptcy court to grant the relief requested by the Trustee.
The sole issue on appeal is whether the bankruptcy court lacked summary jurisdiction[1] to compel the Peoples Bank & Trust Company of Russellville to turn over assets upon which the United States had levied prior to bankruptcy.
After this matter was submitted for decision, the Supreme Court in Phelps v. United States, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975), affirming In re Chicagoland Ideal Cleaners, 495 F.2d 1283 (4th Cir. 1974), held that notice of levy and demand served upon an assignee for the benefit of creditors reduced the assets held by the assignee to the constructive possession of the United States, a bona fide adverse claimant to the assets in the actual possession of the assignee. The Court in Phelps rejected the position taken by the Ninth Circuit in In re United General Wood Products Corp., 483 F.2d 975 (9th Cir. 1973), that the custodian's lack of interest in the bankrupt's property was sufficient to subject it to the bankruptcy court's summary jurisdiction *1157 to enter a turnover order. Phelps v. United States, supra, 421 U.S. at 333-34, 95 S.Ct. 1728.
The facts involved in this appeal fall squarely within the rubric of Phelps because the United States is a bona fide adverse claimant and has not consented to summary adjudication in the bankruptcy court. Following the levy of September 20, 1973, the United States was in constructive possession of the $33,824.44 fund then on deposit in the Russellville bank. The custodian of property held for the benefit of others prior to bankruptcy is not subject to the summary jurisdiction of the bankruptcy court. See Phelps v. United States, supra, at 335-36, 95 S.Ct. 1728; Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944); 2 Collier on Bankruptcy ¶ 23.06(3), at 506.2-06.3 (14th ed. 1975).
Intervenor First National Bank in Little Rock nevertheless argues that the Internal Revenue Service by filing a proof of claim consented to the summary jurisdiction of the bankruptcy court. This contention is without merit. 11 U.S.C. § 11(a)(7) provides in pertinent part that
where in a controversy arising in a proceeding under this title an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or fixed or extended by order of court for the filing of an answer to the petition, motion, or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction; . . ..
The Internal Revenue Service manifested its objection to the bankruptcy court's jurisdiction in a motion to dismiss filed February 26, 1974, which was prior to the time extended by order of court for the filing of an answer to the Trustee's complaint. In view of the strong presumption against waiver, see, e. g., Gill v. Phillips, 337 F.2d 258, 262-63 (5th Cir. 1964), it cannot be said, as intervenor contends, that the government's filing of a proof of claim for unpaid taxes authorized the bankruptcy court to exercise its summary jurisdiction. Any such inference is negatived by the notice of tax levy served twenty days before bankruptcy, by which the United States took constructive possession of the Russellville account with a substantial claim to apply the entire proceeds toward satisfaction of the bankrupt's outstanding tax liabilities. See In re Airmotive Suppliers, Inc., 519 F.2d 1102, 1104-05 (5th Cir. 1975).
The Trustee's recourse is to bring a plenary suit under § 23 of the Bankruptcy Act, 11 U.S.C. § 46. See Phelps v. United States, supra, 421 U.S. at 336, 95 S.Ct. 1728.
The bankruptcy court's order of October 3, 1974 now under review will be reversed and the Trustee's complaint will be dismissed. An appropriate order will be entered.
NOTES
[1] Sections 2 and 23 of the Bankruptcy Act confer two classes of jurisdiction: (1) the summary jurisdiction of a court of bankruptcy over proceedings in bankruptcy; and (2) the plenary jurisdiction of a federal district court of controversies at law or in equity. See 1 Collier on Bankruptcy ¶ 2.06, at 152 (14th ed. 1975).