**In re DAYTON HOTEL CO.**

**RICHTER v. PRITCHARD.**

No. 7057.

Circuit Court of Appeals, Seventh Circuit.
Feb. 15, 1940.

Rehearing Denied March 29, 1940.

Writ of Certiorari Denied June 3, 1940.

See 60 S.Ct. 1097, 84 L.Ed. ——.

A. W. Richter, of Milwaukee, Wis., pro se.

Morris Karon and Willis G. Sullivan, both of Milwaukee, Wis., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

In this bankruptcy proceeding the trustee filed a verified petition for an order directing appellant to pay to the trustee certain moneys belonging to the debtor. It al-leged that the debtor had previously paid to appellant, as one of its former attorneys, the sum of $3,650, with which he was to pay an interest coupon to the debtor's first mortgage bondholders, and also $150 to himself for legal services rendered by him to the debtor; that out of such total sum appellant paid on the interest coupons no more than $1,395, and retained $2,105 of the debtor's money; and that the trustee had made a written demand of appellant for that amount, which was refused.

To this petition appellant appeared specially and denied the summary jurisdiction of the court. At the same time he filed his affidavit in response to the trustee's petition, in which he alleged that his retention of the money was justified by reason of the fact that with the debtor's consent, he had attempted to accomplish a private reorganization of the first mortgage bond issue, and that he used the money in question to pay his fees and expenses incurred by that effort.

The District Court overruled appellant's plea as to lack of jurisdiction and referred the cause to a master for a hearing and determination on the merits, ordering him to make findings of fact and conclusions of law. The hearing was had in which both sides participated, and the master in substance found, among other things, that appellant was first retained, and represented himself as employed, by certain bondholders in August 1936, with reference to a proposed plan for reorganizing the debtor's first mortgage; that about two weeks later he accepted employment from the debtor, but nothing was said as to how or when his fee should be paid by the debtor. No showing was made that any work was done by appellant or his solicitors in an endeavor to get the bondholders to come in under the proposed plan. It was further found that the debtor paid $3,650 to appellant, and of that amount he deposited $2,500 in a special bank account to take care of interest payments to bondholders who chose to adopt the plan. Of this amount he disbursed $1,405 to bondholders; he paid $745 for solicitors' expenses and printing bills in connection with the proposed plan. The remaining $350 he retained as his attorney's fees, which with the $1,150 not banked constitutes the $1,500 which he claimed the debtor owed him. The master further found that the sum of $2,500, which he banked in a special deposit, constituted a trust fund from which dis-

bursements only to the bondholders were to be made. The master concluded that appellant should repay to the trustee that part of the trust deposit not expended for interest, amounting to $1,095.

The court, after reducing the amount due from appellant to $1,058.25, approved the master's report on June 9, 1939, and on June 27, 1939, its order was issued directing appellant to pay that amount to the trustee. From that order this appeal is prosecuted.

Appellant contends that the bankruptcy court was without jurisdiction to try the issue presented in a summary proceeding. He insists that it was the duty of the court, upon the filing of appellant's response, to determine whether appellant was wrongfuly withholding money from the trustee without having any real interest in it, or whether there was a real controversy requiring a plenary suit; whether his claim was bona fide, or merely colorable. This is a fair statement of the court's duty. See Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770, and analogous cases. The court, however, complied with these requirements and was of the opinion that appellant was wrongfully withholding the money in question; that his claim was not bona fide; and that it did not tender a real controversy requiring a plenary suit. In this we think there was no error.

On the merits the record is quite convincing that the court's findings were supported by substantial evidence. We find no error in the conclusions of law, nor in the decree which closely followed them.

Decree affirmed.