**In re PATRICK.**

**BLACKWELL v. CHAMBERS.**

**No. 10472.**

United States Court of Appeals,
Seventh Circuit.

March 7, 1952.

Warner H. Robinson, Chicago, Ill., Robert S. Smith, Indianapolis, Ind., Guy M. Blake, Chicago, Ill., for appellant.

Gustav H. Dongus, Indianapolis, Ind., for appellee.

Before KERNER, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The appellant questions the jurisdiction of the bankruptcy court to consider and enter a turnover order in a summary proceeding in a bankruptcy matter where the property involved was in the actual physical possession of a third party, here the respondent-appellant.

The facts presenting this question are as follows: The debtor, Ernest H. Patrick, on March 3, 1950, was adjudged a bankrupt on an involuntary petition filed February 14, 1950. A second amended petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was accepted by the majority of the creditors and was confirmed by the court on October 30, 1950. The court retained jurisdiction to make and enter all orders and to do and direct all things deemed necessary to be done to carry out and complete the second amended plan or arrangement.

At the hearing, in April, of the creditors on the first petition of the debtor for an arrangement, the respondent, Paul E. Blackwell, as attorney in fact, filed thirty-two claims totaling $118,454.65. The schedules filed by the debtor listed total liabilities of $167,968.31 and assets of $24,149.71.

On October 26, 1950, the trustee, David L. Chambers, Jr., filed a petition to direct the respondent to surrender to the trustee possession of certain wage claims, a chattel mortgage, certain toy radios and gas savers manufactured by the debtor and $2,-000.00 in cash, all of which property was alleged to be in the possession of the respondent and to belong to the bankrupt estate. The referee entered an order directing the respondent to show cause why he should not surrender possession to the trustee. The respondent filed a motion to dismiss the trustee's petition for a turnover order alleging lack of jurisdiction over the property in question for the reason that the respondent had actual possession of the property before February 14, 1950, having purchased the same for value in the regu-

lar course of business. The respondent also alleged that he was holding the property adversely to the bankrupt and that he was holding it for the benefit of third parties. In an answer filed later the respondent made approximately the same allegations and named Best Universal Lock Co., Inc., and Best Foundation, Inc., as the parties for whom he was holding the property.

On January 19, 1950, prior to the filing of the bankruptcy petition, the debtor, Ernest H. Patrick, and his wife, Betty Jean Patrick, were given a check for $15,000.00 payable to both of them, by Best Universal Lock Co., Inc. For this check the debtor and his wife gave the Best Company their unsecured promissory note, dated January 19, 1950 promising to repay the amount with interest ninety days after date. The transaction was handled for the Best Company by Frank E. Best, president of the company. The check was taken by the Patricks to Blackwell who, the Patricks claimed, had been acting as their attorney. It was admitted by all the witnesses that the purpose of this loan to the Patricks was to try to forestall the filing of bankruptcy proceedings against Patrick by paying off the most persistent of his creditors. On receiving the check, Blackwell deposited it in the bank where he did business, in an account designated "Paul E. Blackwell, Special Account." The property here in question was property purchased by Blackwell with cash from said special account and the balance of $2,000.00 remaining in said account.

After a hearing held pursuant to the show cause order the referee found that on February 14, 1950, the bankrupt had constructive possession of the property in dispute and that the bankruptcy court could, therefore, in a summary proceeding inquire into the entire transaction and adjudicate the controversy existing between the trustee and the respondent. The referee also held that the bankruptcy court had constructive possession of the property; that respondent's claim to the property was not substantial; that the note for $15,000.00 executed by the debtor and his wife created a debtor-creditor relationship; that a power of attorney under which respondent claimed to be holding the property "was an after-thought on part of respondent, and, perhaps, also Best, in an attempt to circumvent the jurisdiction of this Court"; and that the equities were wholly on the side of the trustee and against the respondent. The District Court denied the petition of the respondent to review the order of the referee to show cause, and approved and confirmed said order.

The respondent insists that he received, handled and still holds said property and the balance of said fund under a power of attorney from the Best Company, dated January 19, 1950, but which he admits he drew up in his office a few days after that date. On the other hand, Best and Franklin H. Harp, who executed the power of attorney as president and secretary, respectively, of the Best Company, testified that the power of attorney, although dated January 19, 1951, was not actually drawn up and executed until sometime in March after the debtor was adjudicated a bankrupt. The debtor and his wife also testified that they never heard of this power of attorney until sometime in March. The testimony was conflicting as to the details of the handling of the fund by Blackwell but there seems to be no disagreement as to the property here in question having been in the actual possession, or under the control, of the respondent on the date the petition for a turnover order was filed.

The respondent stresses the fact that the money was loaned to both Patrick and his wife. However, the debtor and his wife both testified that she was not making any claim to any part of the proceeds of the fund, and that it was given to pay off the business creditors of the husband.

The claim of Best Foundation, Inc., to which the note had been assigned by Best Universal Lock Co., Inc., was filed by Best, was allowed by the trustee and was satisfied by the acceptance by the Best Foundation of stock for the $15,000.00 under the second amended plan of arrangement. If the Best Foundation had theretofore had any interest in the fund, such interest was necessarily wiped out by the filing, allowance and satisfaction of its claim on the note.

752

Best testified: "That obligation has been liquidated as far as the Patricks and the Foundation is concerned by the payment of that stock. So far as the Foundation is concerned, they have been compensated." He also testified that he was not asserting that Blackwell held any of these funds in trust for him or for either of his companies; and that he was making no claim in that regard against Blackwell.

Thus we find Blackwell claiming to hold this property as agent for an alleged principal who freely admits that any claim it may have had has been fully satisfied.

The courts have uniformly held that bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or *constructive possession*. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876; 2 Collier on Bankruptcy, 14th Edition, § 23,04–07, pages 450–514. Constructive possession has been defined as including, among other classes of property, property in the hands of the bankrupt's bailee or agent and also property in the hands of some other person who makes no substantial claim to it. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 432–433, 44 S.Ct. 396, 68 L.Ed. 770.

The respondent concedes that he received the fund for the definite purpose of trying to save the debtor from bankruptcy; that he received it from the Patricks who had given their promissory note for it. But he claims that he accepted the money, handled it and now holds the proceeds of it for Best or for Best Foundation, Inc., and that this makes him an adverse claimant who cannot be deprived of the property in a summary proceeding in the bankruptcy court. He depends on § 23 of the Bankruptcy Act, 11 U.S.C.A. § 46 sub. b, which provides as to the jurisdiction of controversies between receivers and trustees and adverse claimants: "(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title. * * *"

 The short answer to this contention by the respondent is that the mere assertion of a claim does not make one an adverse claimant entitled to a plenary action. Harrison v. Chamberlin, 271 U.S. 191, 194, 46 S. Ct. 467, 70 L.Ed. 897; Cline v. Kaplan, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97; In re Dayton Hotel Co., 7 Cir., 110 F.2d 459, 460. In Re Todd Building Corporation, 7 Cir., 172, F.2d 254, 257, this court said: " * * * However, the bankruptcy court is always clothed with jurisdiction to determine the preliminary question whether an alleged adverse claim to title is such in fact or is only colorable, and in the latter case to exercise summary jurisdiction over the claimants. * * *"

Here the respondent claims only on behalf of Best and the Best Corporations whose claims have been fully satisfied according to the records in the bankruptcy proceeding and according to the sworn testimony of Best. The respondent is left without even a colorable claim. The District Court correctly decided that it had jurisdiction to hear and determine the issues involved and its decision on the issues was supported by substantial evidence.

The judgment is affirmed.