In re ALLIANCE BEVERAGE
COMPANY, INC., Bankrupt.

Robert PRESSLER, Trustee,
Plaintiff-Appellee,

v.

R. C. HAAB and John Soloman,
Defendants-Appellants.

No. HB 74–123.

United States District Court,
N. D. Indiana,
Hammond Division.

Sept. 30, 1976.

438

Alliance Beverage Company, Inc., filed its Voluntary Petition in Bankruptcy on March 1, 1974, in the United States District Court for the Northern District of Indiana, Hammond Division. Within the four months preceding its filing of bankruptcy, and while insolvent, the bankrupt corporation was indebted to Gary National Bank and the Bank of Indiana National Association in the aggregate amount of $14,335.32. The defendants-appellants were officers and directors of Alliance Beverage Company and were guarantors of the indebtedness to the banks.

In his complaint, the Trustee in Bankruptcy alleged that within the four month period preceding the filing of bankruptcy the defendant-appellants as officers and directors of Alliance Beverage caused said loans to be repaid in preference to other creditors. The Trustee further alleged that the repayment of the bank loans had the effect of enabling the defendant-appellants to obtain a greater percentage of their contingent debt than other creditors of the same class in that the repayment reduced their liability as guarantors.

On February 4, 1976, the Trustee filed his complaint seeking to establish preferences in favor of R. C. Haab and John Soloman and recover judgment in the amount of said preferences in a summary proceeding. Upon objection to the exercise of summary jurisdiction by the defendant-appellants, the Bankruptcy Judge conducted a hearing and decided that summary jurisdiction was appropriate.

The essential grounds for this appeal center on the argument of the appellants that despite their status as officers and directors of the bankrupt, they are entitled by law to a determination of the Trustee's claim against them in a plenary action.

 Federal bankruptcy law provides for a determination of rights by a bankruptcy judge in a summary jurisdiction proceeding* as to all property in the actual or

Byron M. Chudom, Schererville, Ind., for trustee, Robert L. Pressler.

Jake W. Rubin, Harry Rubin, Richard L. Mayer, Rubin & Rubin, Merrillville, Ind., for R. C. Haab and John Soloman.

### MEMORANDUM DECISION

McNAGNY, District Judge.

This matter is before the Court on an appeal by the defendants below, R. C. Haab and John Soloman, of the denial by the Bankruptcy Judge of their objection to his exercise of summary jurisdiction over the matters asserted in the complaint of the Trustee in Bankruptcy.

---

* For an excellent review of summary jurisdiction see Copenhaver, J., *Summary Jurisdiction*, Institute of Continuing Legal Education of the University of Michigan Law School, Wayne State University Law School and the State Bar of Michigan (1976).

constructive possession of the bankruptcy court. 2 *Colliers*, 14th Ed., Para. 23.04 at p. 457. Actual possession as the term implies, requires that the bankrupt estate, trustee or a judicial representative have actual, physical possession of the property in question. Summary jurisdiction also extends to property in the constructive possession of the bankruptcy court. Constructive possession occurs where the property (1) is in the physical possession of the bankrupt at the time of the filing of the petition, but is not delivered to the trustee or receiver, (2) is delivered to the trustee or receiver, but is thereafter wrongfully removed, (3) is in the hands of the bankrupt's agent, (4) is held by another party who makes no claim to it, or (5) is held by a third party whose claim is not substantial and is only colorable. (See 2 *Colliers*, 14th Ed. Para. 23.05[3] at pp. 479–483.)

■ Aside from summary jurisdiction acquired by actual or constructive possession a third party can always consent to summary jurisdiction either intentionally, or by his failure to timely object to the exercise of summary jurisdiction. Thus a third party otherwise entitled to a plenary suit to determine his rights vis-a-vis the bankrupt estate or trustee can intentionally or unwittingly consent to a summary adjudication of his rights by the bankruptcy judge. *Stark v. Baltimore Soda Fountain Mfg. Co.*, 185 F.2d 398 (4th Cir. 1950).

■ In the instant case, the appellants, though officers and directors of the bankrupt corporation, assert that they are adverse claimants of property not in the possession of the bankruptcy court and thus the bankruptcy judge has no jurisdiction to adjudicate their rights in a summary proceeding. The appellants have timely objected to summary adjudication, and nowhere does the trustee allege that they have consented to summary jurisdiction. Indeed, the lack of consent is evident by the objections of the appellants and the prosecution of this appeal. As the Supreme Court stated in the decision of *Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944),

Consent is wanting where the claimant has throughout resisted the petition . . . and where he has made formal protest against the exercise of summary jurisdiction by the bankruptcy court before that court has made a final order. 323 U.S. at 99, 65 S.Ct. at 156.

■ The Court also rejects any argument that the simple act of signing a voluntary petition in bankruptcy by corporate officers impliedly confers summary jurisdiction in the bankruptcy court over the adverse claims of those signing officers. Such a rule would deny to both corporations and officers the benefits of legitimate arms-length transactions, and would inhibit the exercise of proper fiduciary duties by corporate officers and directors.

Aside from showing a lack of consent, the records and briefs clearly demonstrate that neither the trustee nor the bankruptcy court had actual physical possession of the property in question. Thus, the issue becomes whether the property is constructively within the possession of the Bankruptcy Court so as to allow the exercise of summary jurisdiction.

■ While the bankruptcy judge may not exercise summary jurisdiction over an adverse claimant whose claim is substantial and not merely colorable, there is clearly sufficient jurisdiction to inquire into the claim to determine if summary jurisdiction is appropriate. *Mueller v. Nugent*, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405 (1902). If the claim of right is found to be truly adverse to the trustee or bankrupt estate, further contesting of the claim can be only in a plenary action. *May v. Henderson*, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870 (1925), *Louisville Trust Co. v. Comingar*, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413 (1902).

■ However, the mere assertion of an adverse claim is not enough to prevent the exercise of summary jurisdiction by the Bankruptcy Court. *In Re Patrick*, 194 F.2d 750 (7th Cir. 1952). Mere assertion would

not adequately inform the Bankruptcy Judge of the substance or theory of the claim alleged to be adverse.

In the instant cause the trustee contends that the appellants have failed to meet their burden of showing an arguable factual basis for the claim. The Trustee points out that neither the objection to jurisdiction nor the oral argument at the hearing on jurisdiction establish evidence of a factual basis to the claim of adverseness. The Bankruptcy Court in its memorandum accompanying the denial of objections to the exercise of summary jurisdiction also placed substantial weight on the defendant-appellants' failure to produce evidence of the validity of their claim.

While the record on appeal does not include a transcript of the hearing on jurisdiction, the brief of the appellants indicates that their argument at the hearing consisted largely of asserting that their status under the pleadings indicates a substantial adverse claim.

■ In order to determine if the appellants have met their burden of demonstrating a substantial adverse claim so as to defeat summary jurisdiction, inquiry must be made as to whether (1) the pleadings constitute a sufficient basis for the determination, and if so (2) whether the status as preferential transferee is substantial and not merely colorable.

■ The emphasis which American jurisprudence places on sound judicial discretion would indicate that no particular quantum of evidence is required in determining whether a claim is sufficiently adverse to defeat jurisdiction for a summary adjudication of rights. Once a third party with possession objects to summary jurisdiction and thus withholds his consent, the bankruptcy court need only satisfy itself that the claim is more than colorable and is not a mere pretense.

■ The hearing on jurisdiction need not and should not be the sole basis for the bankruptcy judge's determination as to the substance of a claim. The pleadings, personal knowledge of facts and affidavits, as well as the hearing testimony form the basis for such a determination; and each can of itself demonstrate the substance of a claim. *In Re Kane*, 131 F. 386 (D.C.N.Y. 1904).

Since the pleadings themselves can be sufficient to demonstrate the substance of a claim by a third party, the pleadings in the instant cause must be examined to determine if the claim is in fact adverse to the trustee or bankrupt estate.

■ The complaint filed by the trustee alleges that R. C. Haab and John Soloman received a preference when the bankrupt corporation caused bank loans for which they were guarantors to be repaid within 4 months of filing bankruptcy, thus allowing them to receive a greater percentage of their debt than other creditors of the same class in violation of § 60(b) of the Bankruptcy Act. The status of a loan guarantor under the Bankruptcy Act is quite interesting in that while repayment of the loan by the insolvent party clearly benefits the guarantor, the guarantor receives no tangible property. Few reported cases discuss the problem. In *Pennington v. Leff*, 183 F.Supp. 884 (D.C.Ala.1960), a corporate president and officers guaranteed a loan to the corporation to finance a floor plan. The court in *Pennington* held that repayment of the loans which absolved the liability of the guarantors constituted a preference under § 60(b) of the Bankruptcy Act. A similar conclusion had been reached much earlier in the case of *Kobusch v. Hand*, 156 F. 660 (8th Cir. 1907). In that case a corporate president personally guaranteed a loan to the corporation. When the loan was paid off during insolvency the 8th Circuit held that the president had received a preference as defined by the Act. Therefore, under the reported cases, the trustee's allegation that the appellants are holders of a preference appears to be an accurate one.

Section 60(a)(1) of the Bankruptcy Act defines a preference as follows:

A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor

for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

Thus by alleging a preference in favor of the defendant-appellants, the trustee acknowledged that they were creditors of the corporation. Creditor status alone may justify a finding that a third party, even a corporate officer or director, has a substantial claim so as to defeat summary jurisdiction. *In Re Joseph R. Marquette, Jr., Inc.*, 254 F. 419 (2nd Cir. 1918), *In Re M. H. Bekkedal and Sons, Inc.*, 81 F.2d 337 (7th Cir. 1936).

As a general practice preferential transferees are not subject to summary jurisdiction where they properly withhold consent to such jurisdiction. 2 *Colliers*, 14th Ed., Para. 23.06[9] at pp. 515–518.

In an inquiry into the propriety of summary jurisdiction over a preferential transferee, as soon as it develops that the transfer of property from the bankrupt to one of its creditors had been made to discharge an indebtedness, and that such creditor refused to consent to summary jurisdiction, it is the duty of the bankruptcy court to stay further summary proceedings and remit the trustee to a plenary suit. *In Re Walsh Bros.*, 163 F. 352 (D.C.Iowa 1908). A relatively recent Seventh Circuit decision upholds this view as to the substance of the claim of a third party holding a preference. In the case of *In Re American National Trust*, 426 F.2d 1059 (7th Cir. 1970), the trustee was seeking a turnover order for earnest money received pursuant to a contract. The Seventh Circuit held that "the court is without jurisdiction to summarily adjudicate, without the consent of the party in possession, a controversy over property held adversely to the debtor's estate . . and that a claim may be adverse and substantial even though in fact fraudulent and voidable." at p. 1065.

Were not the defendant-appellants also officers and directors of the bankrupt, it is unlikely that the trustee would have attempted to seek a summary adjudication of their rights. Doubtless, if the allegations of the trustee are correct, the conduct of the defendant-appellants was at best self serving and may be in fact voidable. But mere status as corporate officials does not remove their right to insist on a determination of the controversy in a plenary action.

Directors and officers are, of course, agents and fiduciaries of their corporation. Possession of corporate property by agents of a bankrupt corporation, held in their capacity as agents, is deemed possession by the bankrupt and they are not adverse claimants. 2 *Colliers*, 14th Ed., Para. 2306 at p. 506. In the instant case, however, the appellants claim that they were in fact adverse to the bankrupt estate.

The appellants' claim to adverseness is supported by an examination of the status of a guarantor. The guarantor of a negotiable instrument is an accommodation party as defined in § 3–415 of the Uniform Commercial Code. The act of guaranteeing repayment of a corporate debt can hardly be considered fiduciary in nature. Accommodating officers and directors subject themselves to personal liability to allow the corporation to secure additional funding. Their adverseness to the corporation is evident in § 3–415(5) of the U.C.C. which provides that an accommodation party who pays pursuant to his guarantee has a right of recourse against the accommodated party. Where the trustee seeks to invoke summary jurisdiction over a party claiming to be adverse to a corporation, the burden is upon the trustee to show that the party claiming adverseness is actually acting as an agent or alter-ego of the bankrupt. *Feldser v. Lee*, 264 F.2d 721 (5th Cir. 1959). The appellants in the instant case have not been shown to be alter-egos of the corporation as their status as guarantors was outside the bounds of agency, making them in fact adverse to the corporation.

■ Though the subsequent acts of the defendant-appellants in preferring the bank to other creditors and thus absolving their contingent liability may be suspect, this alone does not install summary jurisdiction. As the decision in *Suhl v. Bumb*, 348 F.2d 869 (9th Cir. 1965) related:

> The summary proceedings conducted by the referee certainly may lead one to reasonably conclude that appellants have no substantial defense to the trustee's allegations of fraud. But *without actual or constructive possession of the property in the hands of the trustee, summary jurisdiction is not authorized*, and adverse claimants must be afforded the right to a plenary independent suit. 348 F.2d at 872.

■ This Court is constrained to conclude that the pleadings and record reveal that the bankruptcy court is without further summary jurisdiction to proceed to a determination of the merits of this cause.

The brief of the trustee further attacked the status of the appellants as adverse claimants on the ground that they in fact did not possess the funds in question, in that the money was paid directly to the banks. This novel attack still does not support an exercise of summary adjudication. As has been developed in this opinion and numerous cases, summary jurisdiction is proper only where actual or constructive possession is in the trustee, not the adverse claimant.

■ Additionally, by acknowledging that the defendant-appellants do not have possession of the property or proceeds, the trustee is further demonstrating the unsuitability of summary jurisdiction to resolve this controversy. A summary bankruptcy proceeding has many of the characteristics of an in rem proceeding. 2 *Colliers*, 14th Ed., Para. 23.02 footnote 7 at page 440, *Maggio v. Zeitz*, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476. As such, possession of the property or its proceeds is a prerequisite to a turnover order. While the trustee has not per se sought a turnover order, this summary action to set aside a preferential transfer is in essence the same. The trustee is seeking an order requiring the appellants to surrender money which they never possessed. "The nature and derivation of the remedy make [it] clear that it is appropriate only when the evidence satisfactorily establishes the existence of the property or its proceeds, and possession thereof by the defendant at the time of the proceeding." *Maggio v. Zeitz, supra* at 333 U.S. 63–64, 68 S.Ct. 405, 92 L.Ed. 484. Therefore, argument that the appellants are not in possession, rather than destroying an adverse claim, constitutes a further reason why a plenary suit is proper in this controversy.

Since the funds in question were not in the actual or constructive possession of the trustee at the time of the hearing before the Bankruptcy Judge, and the defendant-appellants withheld their consent to his jurisdiction, the order of the Bankruptcy Judge overruling their objection was improper. A plenary proceeding should have been pursued. The order of the Bankruptcy Judge is hereby reversed, and the trustee is remitted to proceed in a plenary suit.