625 F.2d 321
 Bankr. L. Rep. P 67,564
William B. GROVER, Trustee in Bankruptcy, Plaintiff-Appellant,
v.
Leonard PALMER, Debra Palmer, Sandra Palmer, Marcelle
Palmer, Mark Palmer, Tracie Palmer, MMKS, Inc.,
Defendants-Appellees.
William B. GROVER, Trustee in Bankruptcy, Plaintiff-Appellant,
v.
Leonard J. PALMER, Defendant-Appellee.
 Nos. 78-2069, 78-2070.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 6, 1980.
Decided Aug. 13, 1980.
 
 Philip M. Arnot, Eureka, Cal., for plaintiff-appellant.
 Leonard J. Palmer, in pro. per., Charles A. Lane, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before WALLACE and TANG, Circuit Judges, and HANSON,* District Judge.
 TANG, Circuit Judge:
 
 
 1
 These appeals challenge the district court's orders that reversed the bankruptcy court's orders (1) requiring the Palmer defendants to turn over 60,000 shares of stock in the Palmer Data Corporation (PDC) to the Trustee and (2) enjoining Leonard Palmer from pursuing a state court action against the Trustee to recover money paid to acquire ownership of the PDC stock. Unlike the district court, we find that the bankruptcy court possessed summary jurisdiction. We reverse the district court's order denying the turnover of the PDC stock, but affirm the owner vacating the injunction.
 
 
 2
 The stipulation of facts before the bankruptcy court showed that after Mrs. Palmer's bankruptcy proceedings were reopened, Mr. Palmer transferred his stock in the MMKS Corporation to Mrs. Palmer, pursuant to a California Superior Court order requiring him to transfer his interest in MMKS and PDC to Mrs. Palmer. The sole asset of MMKS was 60,000 shares of PDC stock; its sole liability was a $17,032.43 debt to PDC. After the completion of the transfer to Mrs. Palmer, Mr. Palmer, an officer of MMKS, directed MMKS to sell the 60,000 shares of PDC stock to himself for $17,032.43. Mr. Palmer then distributed the PDC stock to his children.
 
 I.
 Appeal No. 78-2069
 
 3
 The general rule is that the bankruptcy court has summary jurisdiction to adjudicate claims to property in the actual or constructive possession of the court when the bankruptcy petition is filed. E. g., Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); In re Christian & Porter Aluminum Co., 584 F.2d 326, 332 (9th Cir. 1978). A question of constructive possession arises when the property is in the possession of a third party. The bankruptcy court has constructive possession of property, and summary jurisdiction over it, where the third party in possession does not assert a substantial, bona fide adverse claim to the property, but one that is merely "colorable." E. g., Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 433, 44 S.Ct. 396, 399, 68 L.Ed. 770 (1924); Thompson v. Dachner, 214 F.2d 922, 924 (9th Cir. 1954); see P. I. C. Realty Corp. v. Evans, 605 F.2d 476, 479 (9th Cir. 1979). The bankruptcy court may also conclude that property possessed by third persons is within the court's constructive possession where the property was in the physical possession of the debtor at the time of filing of the petition but not delivered to the Trustee; where the property was delivered to the Trustee but later wrongfully withdrawn from his custody; where the property is in the custody of the bankrupt's agent or bailee; or where the property is held by some other person who makes no claim to it. Taubel-Scott-Kitzmiller Co., 264 U.S. at 432-33, 44 S.Ct. at 395-96.
 
 
 4
 Throughout these proceedings, Mr. Palmer has argued that the bankruptcy court lacked summary jurisdiction because the stock was in the continuous possession of either MMKS or his children. Despite his interest in the disposition of the stock, Mr. Palmer expressly makes no claim of possession or ownership of the stock. In these circumstances, we find that the PDC stock came within the constructive possession of the bankruptcy court.
 
 
 5
 At the time the bankruptcy proceedings were reopened, the PDC stock was in the possession of MMKS. Such stock would be in the constructive possession of the bankruptcy court, because MMKS never asserted a claim adverse to that of Mrs. Palmer. See Taubel-Scott-Kitzmiller, 264 U.S. at 432-33, 44 S.Ct. at 395-96. Mrs. Palmer, after all, was the sole owner of MMKS after Mr. Palmer transferred his MMKS stock to her. Even if MMKS's claim was characterized as adverse, it would still not defeat the bankruptcy court's summary jurisdiction, because the California state court judgment awarding the PDC stock to Mrs. Palmer makes it an insubstantial claim.
 
 
 6
 Where adverse claimants have neither title to, nor possession of, the property at the time the bankruptcy petition is filed, their claim must be regarded as colorable. See In re Land Investors, Inc., 544 F.2d 925, 929 n.2 (7th Cir. 1976); In re Universal Money Order Co., 470 F.Supp. 869, 881-82 (S.D.N.Y. 1977). If the Palmer children did not come into possession of the PDC stock until after the reopening of the bankruptcy proceedings, their claim to the stock, as a matter of law, must be regarded as colorable and insubstantial. Id. In any event, the bankruptcy court could conclude that the Palmer children's claim to the stock was not bona fide because of the questionable circumstances surrounding their acquisition of the stock.
 
 
 7
 We conclude that the stock was within the constructive possession of the bankruptcy court and the district court erred in finding that the bankruptcy court did not have summary jurisdiction.
 
 II.
 No. 78-2070
 
 8
 The bankruptcy court enjoined Mr. Palmer from proceeding in his state court suit against the Trustee for return of the money he had paid for the PDC stock. The district court vacated the injunction because it found that the bankruptcy court did not have summary jurisdiction.
 
 
 9
 The district court erred in finding that the bankruptcy court lacked summary jurisdiction. The only issue then is whether the bankruptcy court properly granted injunctive relief.
 
 
 10
 The bankruptcy court has both inherent and statutory power to restrain interference with its administration of the bankruptcy estate. See In re Dolly Madison Industries, Inc., 504 F.2d 499 (3d Cir. 1974). The trustee, however, did not include a copy of Palmer's complaint in the record on appeal, and there is nothing in the record from which we can determine whether the state court action was likely to interfere with the bankruptcy administration. In any event, it appears that the state trial court has entered judgment against Palmer. For these reasons, we affirm the district court's order vacating the injunction, without prejudice to the Trustee's seeking an injunction in the bankruptcy court should the necessity arise at some later time.
 
 
 11
 The judgment of the district court in No. 78-2069 is reversed and remanded to the bankruptcy judge for further proceedings not inconsistent with this memorandum. The judgment vacating the injunction in No. 78-2070 is affirmed.
 
 
 
 *
 Honorable William C. Hanson, Senior United States District Judge for the District of Iowa, sitting by designation